OPINION
{¶ 1} Defendant-appellant Earnest Dale Graham appeals the decision of the Belmont County Common Pleas Court sentencing him to thirteen months in prison. Appellant complains that his sentence is contrary to the sentencing factors. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On May 28, 2004, appellant severely beat another man. Appellant was indicted for felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony. On August 24, 2004, appellant pled guilty under a plea agreement whereby the state agreed to amend the indictment to aggravated assault in violation of R.C. 2903.12(A)(1), a fourth degree felony. The court ordered a pre-sentence investigation and victim impact statement.
 {¶ 3} On September 17, 2004, appellant's sentencing hearing was held. The court sentenced appellant to thirteen months in prison. The court set forth multiple findings and reasons at the sentencing hearing and repeated these statements in its September 30, 2004 judgment entry. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 4} Appellant's sole assignment of error alleges:
 {¶ 5} "The court erred as the sentencing was contrary to the sentencing factors."
 {¶ 6} Appellant complains that his sentence is contrary to law and thus appealable under R.C. 2953.08. He states that he was merely involved in a fight trying to defend a female. He argues that his conduct is not more serious than conduct normally constituting the offense and that he has substantial grounds to mitigate, although not enough to constitute a defense. He concludes his sentence is too lengthy and asks us to evaluate it considering R.C. 2929.11 through R.C. 2929.14.
 SENTENCING LAW AND ANALYSIS {¶ 7} For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(B)(4). The trial court chose thirteen months as appellant's sentence.
 {¶ 8} In explaining its sentencing decision, the court first evaluated R.C. 2929.13(B) to determine that prison was appropriate rather than community control. The court found various options applicable to appellant under R.C. 2929.13(B)(1). The court noted that he caused serious physical harm, was previously convicted of an offense causing physical harm, and the offense was committed while under community control sanctions for another felony case. R.C. 2929.13(B)(1); R.C. 2929.12(D)(1). The court also found that prison was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 after considering the factors set forth in R.C. 2929.12 for sentencing a fourth degree felon to prison under R.C. 2929.13(B)(2)(a).
 {¶ 9} In support of its reasoning for finding the offense more serious than conduct normally constituting the offense, the court noted that the victim suffered serious physical harm and has not healed to this day. See R.C. 2929.12(B)(2). Appellant's counsel conceded the victim was severely beaten. The court also stated that appellant has not responded favorably to prior sanctions, he failed to demonstrate genuine remorse and shows little concern for the victim, he has violent behavior patterns, and he minimizes his behavior, blaming it on his alleged failure to take his medications and his state of intoxication. R.C. 2929.12(D)(3), (5).
 {¶ 10} Thus, the court complied with R.C. 2929.19(B)(1)(a), which states that the court:
 {¶ 11} "shall make a finding that gives its reasons for selecting * * * a prison term for a felony of the fourth or fifth degree * * * [setting forth] its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender."
 {¶ 12} The court supported its decision to impose prison over community control at the sentencing hearing as well as in its judgment entry. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 20
(stating that R.C. 2929.19(B) requires findings and reasons for consecutive sentences to appear on the record at the sentencing hearing). The court's determination is not contrary to law. The court was permitted to choose prison over community control. Thus, any argument that can be construed as a request for probation is overruled.
 {¶ 13} Although a sentencing court is generally not required to specify its rationale in weighing seriousness and recidivism factors, it did so in this case when it complied with the statutory requirements in deciding that a prison sentence was appropriate and justified for the fourth degree felony to which appellant admitted his guilt. The court's findings and reasons are well supported, and we do not review for an abuse of discretion. R.C. 2953.08(G). As such, any general argument that the court failed to properly weigh the seriousness and recidivism factors in R.C. 2929.12 is overruled as well.
 {¶ 14} At one point, appellant states that this was not the worst form of the offense. However, that test deals with a maximum sentence under R.C. 2929.14(C). A maximum sentence, of eighteen months, was not imposed upon appellant. Rather, he was sentenced to thirteen months in prison.
 {¶ 15} Appellant's brief mentions that the minimum sentence for a fourth degree felony is six months, citing the wrong statute. However, he does not specify the argument that the court failed to make the proper findings for deviating from the minimum. Rather, he simply asks us to review his sentence under R.C. 2929.11 through R.C. 2929.14. In the interest of justice, however, we will review whether the trial court complied with the requirements of R.C. 2929.14(B) for deviating from a minimum sentence.
 {¶ 16} According to R.C. 2929.14(B), the court shall impose the shortest prison term authorized unless: (1) the offender has previously served a prison term or was serving one at the time of the offense or (2) the court finds on the record that the shortest prison term either will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. The court need not give reasons in support of its findings as it must for sentencing a fourth degree felon to prison. See R.C. 2929.12(B)(2); Statev. Edmonson (1999), 86 Ohio St.3d 324, 326. The findings required under R.C. 2929.14(B)(2) must be made at the sentencing hearing to qualify as "on the record." Comer, 99 Ohio St.3d 463, at ¶ 26.
 {¶ 17} Here, the trial court specified that appellant had not served prior prison time, merely jail time. The court then stated, "But, however, in accord with 2929.14(B), I retain my discretion to impose a longer sentence." (Tr. 5). The court did not explicitly quote that statute by specifying that "the shortest prison term will demean the seriousness of the offender's conduct" or that the shortest prison term "will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2).
 {¶ 18} Still, prior to making the above statement, the court did state that "the prison sentence * * * is commensurate with the seriousness of your conduct, and it is reasonably necessary to punish and deter the offender and in order to protect the public from future crime * * *." (Tr. 5).
 {¶ 19} Appellant could attempt to argue the court's language was referring to why prison was required rather than community control and was not referring to the length of the term. However, the court did not say prison in general is commensurate with the seriousness of the offender's conduct and necessary to protect the public from future crime. Rather, the court specifically referred to "the prison sentence" of thirteen months when making these statements. (Tr. 5).
 {¶ 20} Appellant could also attempt to argue that the language is not sufficient to constitute the required findings in R.C. 2929.14(B)(2). Courts typically mirror the statute's language in deviating from the minimum sentence. However, the exact language of statutes such as R.C.2929.14(B)(2) is not talismanic; thus, magic words are not required. See, e.g., State v. McCarthy, 7th Dist. No. 01BA33, 2002-Ohio-5185 ¶ 12. As we have advised, "[a]lthough magic or talismanic words are not required, it is prudent for a trial court to mimic the statute's language to avoid issues such as these presented in the matter before this court."McCarthy, 7th Dist. No. 01BA33, at ¶ 12. Thus, in the future, the court could avoid misconstruction of its decisions by mirroring the statute's language. Here, however, the trial court's statement that thirteen months is "reasonably necessary to punish and deter the offender and protect the public from future crime" is a sufficient way to make the statutory finding that "the shortest prison term * * * will not adequately protect the public from future crime by the offender or others."
 {¶ 21} In conclusion, the trial court sufficiently supported its decision to impose prison instead of community control for a fourth degree felony. The trial court did not use the exact language for deviating from a minimum sentence. However, appellant does not clearly brief this issue, and the trial court's language is construed as making at least one of the alternative findings for deviating from the minimum sentence. Hence, the thirteen month sentence imposed by the trial court is upheld.
 {¶ 22} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., DeGenaro, J., concurs.