OPINION
{¶ 1} Defendant-appellant, David W. Marple, appeals his sentence in the Clermont County Court of Common Pleas for disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), a felony of the fourth degree.
 {¶ 2} On January 14, 2004, appellant was indicted by the Clermont County Grand Jury on one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), a felony of the fourth degree, and two counts of domestic violence in violation of R.C. 2919.25, both misdemeanors of the first degree. Appellant pled not guilty to the charges.
 {¶ 3} On July 20, 2004, appellant agreed to enter a guilty plea to the charge of disseminating material harmful to juveniles, in exchange for the state's agreement to dismiss both of the domestic violence charges.
 {¶ 4} At the change of plea hearing, the prosecutor informed the trial court that he agreed with defense counsel that community control, rather than incarceration, was appropriate in this case. When the trial court asked appellant if he understood that this agreement was not binding on the court and that the final decision was the court's to make, appellant replied, "Yes, sir."
 {¶ 5} The trial court engaged in the required Crim.R. 11 colloquy with appellant, informing him of the rights he was waiving. Afterwards, the trial court asked the prosecutor for a statement of the facts regarding the charge to which appellant was pleading guilty. The prosecutor stated:
 {¶ 6} "[Appellant] on or about December 6th in the year 2003, at 834 Staghorn Drive in Cincinnati, Clermont County, Ohio, with knowledge of its character or content, * * * did reckless[ly] exhibit or present to a juvenile material or a performance that was obscene or harmful to juveniles. Specifically, [appellant] was watching a pornographic movie in the family room. He left the room. And upon returning, he saw [W.P], whose date of birth is 1/5 of 2000, watching that video."
 {¶ 7} The trial court accepted appellant's guilty plea to the charge of disseminating matter harmful to juveniles in violation of R.C.2907.31(A)(1), and found him guilty of that charge, after determining that appellant's plea was "knowingly, intelligently, and voluntarily made." The trial court scheduled appellant's sentencing for August 25, 2004, which was later extended to August 26, 2004.
 {¶ 8} During the interim between the change of plea/plea acceptance hearing and the sentencing hearing, a presentence investigation report was prepared and provided to the trial court. The P.S.I. included a detailed description of the offense and contained additional information not provided to the trial court in the prosecutor's statement of facts.
 {¶ 9} At appellant's sentencing hearing, the trial court acknowledged receipt of the report from the probation department, and noted that the court had shared a copy of the report with the prosecutor and defense counsel and had discussed with them the conclusions of the report and the recommendations contained therein. Defense counsel then stated, "we've reviewed the presentence report, and we are prepared to go forward with sentencing." Defense counsel also stated, "As far as any sex abuse, * * *I'm aware of other suggestions being made today, but I would think it's important to note that the investigating officers in this case did not choose to go forward with any type of allegations regarding sex abuse of any of the children involved. * * * [Appellant] freely admits that he was extremely reckless in leaving this movie playing on the TV in a situation where it could be viewed by the children if they awoke, and unfortunately one of them did awake. But it certainly wasn't anything that [appellant] intended to happen." (Emphasis added.)
 {¶ 10} The trial court then heard victim impact testimony from W.P.'s father and mother. After the victim impact statements were taken, the trial court asked the prosecutor about W.P.'s mother's comment that appellant had admitted to police that he had exposed himself to W.P. The prosecutor informed the trial court, "Judge, on page two of an investigative narrative supplement it indicates at 12/15 of '03 that the detective interviewed [appellant]. The interview was videotaped and placed into evidence. [Appellant] states in the interview that he knew he should not have watched the video with the girls in the room. He also disclosed during the interview that when he returned downstairs to turn the video off, he was unclothed and [W.P.] saw him naked."
 {¶ 11} In passing sentence on appellant, the trial court noted that it "agree[d] with the statements here in the [presentence] report as well as what was presented to me today." The trial court imposed a sentence of 14 months in prison on appellant, after finding that: "(1) prison is appropriate, that community control at this time would not be appropriate, (2) that the minimum sentence would demean the seriousness of the offense and fail at this point to adequately protect the public."
 {¶ 12} Appellant now appeals from his sentence for disseminating matter harmful to juveniles, raising two assignments of error.
 {¶ 13} Assignment of Error No. 1:
 {¶ 14} "THE TRIAL COURT ERRED IN FAILING TO MAKE A FINDING REGARDING APPELLANT'S AMENABILITY TO COMMUNITY CONTROL SANCTIONS."
 {¶ 15} Appellant argues that the trial court erred in imposing a prison sentence upon him without making a finding regarding his amenability to community control sanctions, as required by R.C.2929.13(B)(2)(a).
 {¶ 16} R.C. 2929.13(B) states, in pertinent part:
 {¶ 17} "(1) * * * [I]n sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 18} "* * *
 {¶ 19} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section * * * 2907.31 * * * of the Revised Code."
 {¶ 20} "* * *.
 {¶ 21} "(2)(a) If the court makes a finding described in division (B)(1) (a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 22} R.C. 2929.13(B)(2)(a) sets forth the circumstances in which a sentencing court is required to impose a prison term upon a fourth or fifth-degree felony offender. That provision states that if a sentencing court finds that: (1) one of the nine circumstances listed in R.C.2929.13(B)(1)(a)-(i), exists; (2) a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, after considering the seriousness and recidivism factors set forth in R.C.2929.12; and (3) the offender is not amenable to an available community control sanction, then the sentencing court must impose a prison term on the offender.
 {¶ 23} "The term `not amenable to a community control sanction' is new to sentencing legislation in Ohio. Webster's New World Dictionary of theAmerican Language defines `amenable' as: `2. able to be controlled or influenced; responsive; submissive (a person amenable to suggestion; an illness amenable to treatment.)'" Griffin and Katz, Ohio Felony Sentencing Law (2004 Ed.) 685, Section 7:13.
 {¶ 24} Appellant implicitly acknowledges that the trial court made adequate findings with respect to the first two factors set forth in R.C. 2929.13(B)(2)(a). The first factor was met because the offense of which appellant was convicted "is a sex offense that is a fourth * * * degree felony violation of * * * [R.C.] 2907.31," R.C. 2929.13(B)(1)(f), and, therefore, constitutes one of the nine circumstances listed in R.C.2929.13(B)(1)(a)-(i).
 {¶ 25} The trial court also made sufficient findings regarding the second factor set forth in R.C. 2929.13(B)(2), i.e., that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, after considering the seriousness and recidivism factors set forth in R.C. 2929.12. As to the seriousness factors, the trial court's finding that W.P. "has suffered psychological harm" and "that in essence this has torn the family apart," essentially amounted to a determination that W.P. "suffered serious * * * psychological * * * harm as a result of the offense." R.C. 2929.12(B)(2). The trial court also found that appellant's relationship with W.P. "facilitated the offense." R.C. 2929.12(B)(6). Both of these factors indicate that appellant's conduct was "more serious than conduct normally constituting the offense[.]" R.C. 2929.12(B).
 {¶ 26} As to the recidivism factors, the trial court noted appellant's "history of criminal convictions and juvenile adjudications." The fact that an offender has a "history of criminal convictions," R.C.2929.12(D)(2), is a factor indicating that he or she "is likely to commit future crimes." R.C. 2929.12(D).
 {¶ 27} As to the third factor set forth in R.C. 2929.13(B)(2)(a), i.e., that "an offender is not amenable to an available community control sanction," the trial court found that "prison is appropriate, [and] that community control at this time would not be appropriate[.]"
 {¶ 28} Appellant argues that the trial court's terse statement that "community control at this time would not be appropriate," fails to satisfy R.C. 2929.13(B)(2)(a)'s requirement that the trial court find that the offender "is not amenable to an available community control sanction." He contends that R.C. 2929.13(B)(2)(a) requires the trial court "to analyze whether [he] is amenable to community control, not whether community control is appropriate." He concludes by asserting that because the trial court failed "to properly analyze [his] amenability to community control sanctions, and to make a finding thereon, the trial court erred in imposing a prison sentence upon him." We disagree with this argument.
 {¶ 29} In passing sentence upon appellant, the trial court began its analysis by noting that it was "taking into consideration the purposes, principles, [and] guidelines of sentencing," as well as the other "criteria" that it was "required to look at[.]" After finding that it was not required to impose a community control sanction on appellant, the trial court then considered the three factors listed in R.C.2929.13(B)(2)(a) to determine whether it was required to impose a prison sentence on appellant.
 {¶ 30} As noted, appellant implicitly acknowledges that the trial court made the first two findings outlined in R.C. 2929.13(B)(2)(a). We conclude that by finding that "prison is appropriate, [and] that community control at this time would not be appropriate," the trial court was obviously determining that appellant was "not amenable to an available community control sanction." While it is prudent for a trial court to mimic the language in a sentencing statute like R.C.2929.13(B)(2)(a) to avoid issues such as the one being raised here, the exact language of the sentencing statute is not "talismanic," and, therefore, the trial court need not recite the exact language of R.C.2929.13(B)(2), as if it amounted to the "magic words" necessary to impose a prison term on an offender. See State v. Graham, Belmont App. No. 04 BE 54, 2005-Ohio-2700, at ¶ 20.
 {¶ 31} Even though we find that the trial court made the required findings that appellant was not amenable to community control, we also find that appellant failed to object to the trial court's sentencing procedure after he was given an opportunity to do so. After it had imposed sentence on appellant, the trial court asked defense counsel if there was "anything further" he wanted to say on appellant's behalf. Although defense counsel spoke to other matters, he raised no objection to the trial court's alleged "failure to properly analyze [a]ppellant's amenability to community control sanctions, and to make a finding thereon," as he is arguing now on appeal.
 {¶ 32} "It has been stated many times that an error must be brought to the attention of the trial court at a time when it may be corrected and may not be raised for the first time on appeal." State v. Riley, Summit App. No. 21852, 2004-Ohio-4880, ¶ 27. See, also, State v. Fields (Nov. 28, 2005), Butler App. Nos. CA2005-03-067, CA2005-03-068 (defendant's failure to object to lack of findings necessary to impose a prison term for fourth or fifth degree felony constituted waiver of the issue on appeal). This principle has been applied in cases where a defendant has failed to raise a timely objection to an error in a trial court's sentencing procedure. Id. Consequently, appellant's failure to raise a timely objection to the trial court's sentencing procedure constitutes a waiver of the alleged error that appellant is now raising on appeal. See id. Because we find no error, we need not continue under a plain error analysis. See State v. Hill (2001), 92 Ohio St.3d 191, 200.
 {¶ 33} Appellant's first assignment of error is overruled.
 {¶ 34} Assignment of Error No. 2:
 {¶ 35} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT WITHOUT AFFORDING ADEQUATE OPPORTUNITY TO RESPOND TO NEW MATERIAL FACTS PRESENTED IN VICTIM IMPACT STATEMENTS."
 {¶ 36} Appellant argues that the trial court erred in sentencing him without affording him an adequate opportunity to respond to "new material facts" contained in the victim impact statements made by W.P.'s parents. He asserts that because these "new facts" go "considerably beyond" the ones on which he entered his guilty plea and because the trial court chose to rely on them in imposing sentence, the trial court was required, pursuant to R.C. 2930.14,[1] to continue the sentencing hearing, sua sponte, to allow him an adequate opportunity to respond to the "new facts." We find this argument unpersuasive.
 {¶ 37} A trial court must give the victim of a crime the opportunity to make a statement regarding the circumstances surrounding the crime, including the manner in which the crime was perpetrated, and the effects of the crime upon the victim. State v. Brown, 146 Ohio App.3d 654,659-660, 2001-Ohio-4266, citing R.C. 2930.14(A). R.C. 2930.02 provides that if the victim is a minor, a member of his or her family may exercise the victim's rights under R.C. Chapter 2930, as the victim's representative. While R.C. 2930.02(A) permits only one person to act as the victim's representative, the trial court has discretion under R.C.2929.19(A)(1) to permit any person with information relevant to the imposition of sentence to speak at the sentencing hearing. State v.Hartwell, 149 Ohio App.3d 147, 150, 2002-Ohio-4349.
 {¶ 38} If the victim-impact statement contains "new material facts" upon which the court intends to rely, the trial court must continue the sentencing proceeding or take other appropriate action to allow the defendant "an adequate opportunity to respond to the new material facts." R.C. 2930.14(B); see, also, Brown, 146 Ohio App.3d at 660, citing R.C.2930.14(B). However, where it is clear from the record that a defendant has been made aware of the information that the sentencing court uses in imposing sentence upon a defendant, and the defendant does not seek a continuance to rebut that information, then such information will not be found to constitute "new material facts" that trigger the continuance requirement in R.C. 2930.14(B). Brown, 146 Ohio App.3d at 660.
 {¶ 39} In this case, it is apparent from the record that appellant and his defense counsel were aware of the information presented by W.P.'s parents prior to the sentencing hearing. Therefore, that information does not constitute new material facts. See Brown, 146 Ohio App.3d at 660. Appellant cannot claim any unfair surprise as a result of that information. If he needed additional time to prepare a response to those allegations, he should have requested a continuance from the trial court. See id.
 {¶ 40} However, appellant chose not to request a continuance to rebut the allegations. Instead, he chose to rebut the allegations by claiming that they should not be believed because the state chose not to bring charges as a result of them. See id.
 {¶ 41} Under these circumstances, we conclude that appellant was not unfairly deprived of an opportunity to rebut the allegations made against him at his sentencing hearing.
 {¶ 42} Appellant's second assignment of error is overruled.
 {¶ 43} Judgment affirmed.
Walsh, P.J., and Young, J., concur.
[1] {¶ a.} R.C. 2930.14 states, in pertinent part:
{¶ b.} "(A) Before imposing sentence upon * * * a defendant * * *, the court shall permit the victim of the crime * * * to make a statement. * * *.
{¶ c.} "(B) The court shall consider a victim's statement made under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing * * * or takes other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts."