[Cite as *State v. Huckleby*, 2013-Ohio-4613.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

STATE OF OHIO                                        :
                                                     :          Appellate Case No. 25597
            Plaintiff-Appellee                       :
                                                     :          Trial Court Case No. 2012-CR-2662
v.                                                   :
                                                     :
STEVEN A. HUCKLEBY                                   :          (Criminal Appeal from
                                                     :           Common Pleas Court)
            Defendant-Appellant                      :
                                                     :
                                      · · · · · · · · · · ·

O P I N I O N

Rendered on the 18th day of October, 2013.

· · · · · · · · · ·

MATHIAS H. HECK, JR., by APRIL F. CAPBELL, Atty. Reg. #0089541, Montgomery County
Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972,
301 West Third Street, Dayton, Ohio 45422
            Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Slicer Law Office, 111 West First Street, Suite 518, Dayton, Ohio
45402
            Attorney for Defendant-Appellant

· · · · · · · · · · · ·

HALL, J.,

{¶ 1}     Steven Huckleby appeals his felony sentence. Finding that the sentence complies

with the law and is within the bounds of the trial court's discretion, we affirm.

## FACTS

{¶ 2}     In September 2012, Huckleby was indicted on five third-degree felony counts of sexual battery, all violations of R.C. 2907.03(A)(5), for engaging in sexual conduct with his stepdaughter in 2010. He ultimately pleaded guilty to all five counts.

{¶ 3}     Before sentencing, the trial court had reviewed the pre-sentence investigation report, the state's sentencing memorandum, the written statement from Huckleby's stepdaughter's mother, the written victim's statement from Huckleby's stepdaughter, and trial counsel's sentencing memorandum.[1] The court also had considered the purposes and principles of sentencing, in R.C. 2929.11, and the seriousness and recidivism factors, in R.C. 2929.12, "all of which," said the court, "are actually laid out in detail in [trial counsel]'s memorandum." (Tr. 3). At the sentencing hearing, the trial court said that it agreed with much of trial counsel's analysis. With respect to the recidivism factors, the court agreed that none of the likely-to-commit factors applied to Huckleby and agreed that all of the unlikely-to-commit factors did apply to him. The court noted in particular that Huckleby is 47 years old and has no criminal record; that he has expressed genuine remorse and taken full responsibility for his crimes, having never denied the accusations or blamed his stepdaughter; and that Huckleby, when asked, voluntarily  appeared at a detective's office and admitted everything. With respect to the seriousness factors, the trial court agreed that none of the factors applied that suggest Huckleby's conduct is less serious than conduct normally constituting the offense. Of the factors that suggest an offender's conduct is more serious, trial counsel concludes in his memorandum that the only

---

[1] Only trial counsel's memorandum was in the record. We sua sponte ordered that the pre-sentence investigation report be added to the record. And we have reviewed it.

applicable one asks whether the offense was facilitated by the offender and victim's relationship, R.C. 2929.12(B)(6). The trial court agreed that this factor applied and that none of the others did–except one. The court also found applicable the factor that asks whether "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense," R.C. 2929.12(B)(2). The court found that Huckleby's stepdaughter suffered serious psychological harm as a result of Huckleby's offenses. The court based this finding on her written statement, part of which it quoted:

> "[M]y grades suffered since this time has - - since the time this occurred. I have a fear of not being able to get into a good college because of my poor GPA.
>
> "I have suffered through depression and periods of cutting myself. The physical scars of cutting myself will always be a physical reminder of the pain I am going through. Even with psychological counseling, I still have a hard time trusting people, especially men, fearful that they could hurt me the same way. I will suffer emotional scarring for the rest of my life."

(Tr. 7-8).

{¶ 4} The trial court also noted a couple of relevant, non-statutory factors. Trial counsel points out in the sentencing memorandum that Huckleby had committed the offenses two years before they were reported, and that, in those two years, he stopped having sexual conduct with his stepdaughter and had no more contact with her. The trial court agreed with these bare facts but pointed out that, according to the pre-sentence investigation report, his stepdaughter said that the sexual conduct stopped only after her mother got a new job and stopped working nights. In other

words, said the court, Huckleby stopped only because his opportunity ended. The trial court also noted that Huckleby's conduct was not an isolated incident, that he "sexually molested [his] step-daughter over a four-month period and did so repeatedly." (Tr. 8).

{¶ 5}    Ultimately, the court said that the non-existent less-serious-conduct factors were outweighed by the psychological-harm factor. Because of the serious psychological harm that Huckleby's stepdaughter suffered, the court found that community-control sanctions would demean the seriousness of Huckleby's offenses and demean the impact of his crimes on his stepdaughter. *Compare* R.C. 2929.11(B). The court imposed a five-year prison term for each count, the maximum term allowed, and ordered that Huckleby serve the terms concurrently.[2]

{¶ 6}    Huckleby appealed

## ANALYSIS

{¶ 7}    Huckleby presents two assignments of error. The first contains a claim for ineffective assistance of trial counsel. And the second challenges his sentence.

### The Ineffective-Assistance-of-Counsel Claim

{¶ 8}    The first assignment of error alleges that, during the sentencing hearing, trial counsel rendered Huckleby ineffective assistance. To establish a claim for ineffective assistance of counsel, a defendant must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at

---

[2] Huckleby was sentenced under the statute in effect when he committed the offenses, which was before H.B. 86 went into effect in September 2011.

687-688. The defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The question is whether counsel's conduct was reasonable given the circumstances. *See id.* at 688.

**{¶ 9}** Huckleby identifies two omissions that he alleges were unreasonable. First, he alleges that trial counsel failed to object to the sentence. "'We * * * have never required a defendant to object to the sentence imposed by the court as a condition of raising a sentencing error on appeal.'" *State v. Casey*, 2d Dist. Montgomery No. 19940, 2004-Ohio-1017, ¶ 122, quoting *State v. Carson*, 2d Dist. Greene No. 2002-CA-73, 2003-Ohio-5958, ¶ 33. Since the only reason to object would be to preserve a sentencing error for appeal, we fail to see why it was unreasonable for counsel not to object. Second, Huckleby alleges that trial counsel failed to challenge the trial court's finding that his stepdaughter suffered serious psychological harm. But "'trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel.'" *State v. Windham*, 9th Dist. Wayne No. 05CA0033, 2006-Ohio-1544, ¶ 24 (failure to object to the imposition of a greater than minimum sentence), quoting *State v. Taylor*, 9th Dist. Lorain No. 01CA007945, 2002-Ohio-6992, ¶ 76. Moreover, the trial court's psychological-harm finding is plainly supported by the evidence, leaving little ground on which to object.

**{¶ 10}** The first assignment of error is overruled.

**The Sentence**

**{¶ 11}** The second assignment of error alleges that Huckleby's sentence is unlawful and an abuse of the trial court's discretion. A felony sentence is reviewed in two steps: First, the reviewing court "must examine the sentencing court's compliance with all applicable rules and

statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26. "In felony sentencing, the sentencing court abuses its discretion if it unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and 2929.12." (Citation omitted.) *State v. Nichols*, 195 Ohio App.3d 323, 2011-Ohio-4671, 959 N.E.2d 1082, ¶ 16 (2d Dist.). None of Huckleby's contentions regarding his sentence have merit.

{¶ 12} Huckleby contends that the trial court did not clearly state the factors that it considered when it decided to impose the maximum sentence and did not say why a five-year prison term on each count was necessary. We disagree. The trial court did not impose the maximum sentence. While five years is the longest prison term that could have been imposed for each offense, Huckleby's aggregate sentence could have been 25 years in prison, if the court had ordered him to serve the terms consecutively. As it is, the trial court was quite clear on why it imposed the sentence it did.

{¶ 13} Huckleby also contends that the trial court did not use the language from the purposes and principles statute, R.C. 2929.11, that he says is required to show the sentences were necessary to protect the public from future crime and were not disproportionate to the crime committed. The court is not required to use statutory language. "'While it is prudent for a trial court to mimic the language of a sentencing statute * * * the exact language [of] the sentencing statute is not "talismanic," and, therefore, the trial court need not recite the exact language * * * as if it amounted to the "magic words" necessary to impose a prison term on an offender.'" *Nichols* at ¶ 40, quoting *State v. Marple*, 12th Dist. Clermont No. CA2004-09-073,

2005-Ohio-6272, ¶ 30. It is sufficient for a trial court to say, as the court here did, that it considered the purposes and principles of sentencing, without specifically mentioning R.C. 2929.11. *Compare State v. Miller*, 2d Dist. Clark No. 09CA28, 2010-Ohio-2138, ¶ 43 (saying that "even if there is no specific mention of those statutes [R.C. 2929.11 and 2929.12] in the record, 'it is presumed that the trial court gave proper consideration to those statutes'"), quoting *Kalish* at ¶ 18, fn. 4.

{¶ 14} Huckleby contends that the trial court did not consider whether a prison term would place an the undue burden on state and local resources. Former R.C. 2929.13(A) prohibits a sentence from "impos[ing] an unnecessary burden on state or local government resources."[3] But it "does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Where the interests of public protection and punishment are well served by a prison sentence, the claim is difficult to make that the prison sentence imposes an unnecessary burden on government resources." (Citations omitted.) *State v. Bowshier*, 2d Dist. Clark No. 08-CA-58, 2009-Ohio-3429, ¶ 14. Huckleby has not shown that his sentence imposes an "unnecessary" burden on government resources.

{¶ 15} Lastly, Huckleby contends that the trial court did not consider whether he is amenable to community-control sanctions and did not properly weigh the statutory recidivism factors that suggest he is unlikely to commit future crimes. The court plainly did consider whether Huckleby is amenable to community-control sanctions, finding that such sanctions

---

[3]H.B. 86 removed this sentence and inserted the requirement in R.C. 2929.11(A). The author has previously questioned whether trial courts are in a position to evaluate how criminal sanctions may burden government resources. Absent unconstitutionality, those policy decisions are for the executive and legislative branches of government to make. *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012 -Ohio- 4756, ¶ 26-28 (Hall, J., concurring).

would demean the seriousness of his offenses and demean the impact of them on his stepdaughter. With respect to the court's factor weighing, "[a] decisionmaker need not weigh mitigating factors in a particular manner. The process of weighing mitigating factors, as well as the weight, if any, to assign a given factor is a matter for the discretion of the individual decisionmaker." (Citation omitted.) *State v. Fox*, 69 Ohio St.3d 183, 193, 631 N.E.2d 124 (1994). The trial court here evidently found that the unlikely-to-commit factors were outweighed by other factors. We see nothing about this that is unreasonable or arbitrary.

{¶ 16} Huckleby's sentence is not contrary to law. It is within the range authorized for a third-degree offense. *Compare* former R.C. 2929.14(A)(3) (authorizing a prison term of one to five years). And the trial court considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The sentence is also not an abuse of discretion. There is nothing unreasonable or arbitrary about the court's weighing of the relevant sentencing factors.

{¶ 17} The second assignment of error is overruled.

{¶ 18} The trial court's judgment is affirmed.

. . . . . . . . . . . .

DONOVAN and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
April F. Campbell
Charles W. Slicer, III
Hon. Dennis J. Langer