[Cite as *State v. Craver*, 2014-Ohio-2092.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

ANGELO M. CRAVER

     Defendant-Appellant


Appellate Case No.    25803

Trial Court Case No.   2013-CR-1323


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of May, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

ANGELO M. CRAVER, Inmate No. 685-713, 5900 B.I.S. Road, Lancaster, Ohio 43130

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant, Angelo M. Craver, appeals from his prison sentence received in the Montgomery County Court of Common Pleas following his guilty plea to one count of bribery.  Craver's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein she recites that she has found no potential assignments of error having arguable merit.  Counsel states one possible assignment of error, which we have considered.  After performing our duty under *Anders*, to review the record independently, we also find no potential assignments of error having arguable merit.

{¶ 2}   On May 13, 2013, Appellee, the State of Ohio, filed a Bill of Information in Case No. 2013 CR 1323 alleging that Craver committed bribery in violation of R.C. 2921.02(C), a felony of the third degree.  On the same day, Craver waived his right of indictment and pled guilty to the charge.  At sentencing, the trial court imposed a 24-month prison term for the bribery offense.  The court ordered the 24-month term to run concurrently with a 3-year prison term that Craver received in Case No. 2012 CR 2835 for improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161(A)(1).

{¶ 3}   Craver filed a timely appeal from the trial court's sentencing decision in Case No. 2013 CR 1323.   Thereafter, the Montgomery County Court of Common Pleas appointed counsel to represent Craver on appeal.  Craver's appointed appellate counsel then filed an *Anders* brief asserting the following potential assignment of error:

MR. CRAVER'S TWENTY-FOUR MONTH PRISON SENTENCE IS
CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND AN ABUSE
OF THE TRIAL COURT'S DISCRETION.

{¶ 4}   In *Anders* cases we are charged with conducting a thorough examination of the

record to determine "whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are 'wholly frivolous.' * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." (Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7. An appeal is frivolous if it "presents issues lacking in arguable merit. * * * An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citation omitted.) *Id.* at ¶ 8.

{¶ 5} In his *Anders* brief, Craver contends that his 24-month prison term for bribery is contrary to law and an abuse of the trial court's discretion. Specifically, he claims that the sentence does not serve the purposes and principles of felony sentencing in R.C. 2929.11, and that the trial court incorrectly weighed the sentencing factors under R.C. 2929.12. For the following reasons, we conclude that Craver's contentions lack arguable merit and are wholly frivolous.

{¶ 6} The appellate standard of review for all felony sentences is set forth in R.C. 2953.08(G)(2). *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). This statute states, in pertinent part, that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds

either of the following:

(a)    That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b)    That the sentence is otherwise contrary to law. (Emphasis added.)

R.C.2953.08(G)(2)(a)-(b).

{¶ 7}    In this case, when sentencing Craver, the trial court was not required to make any findings under R.C. 2929.13(B) or (D); R.C. 2929.14(B)(2)(e) or (C)(4); or R.C. 2929.20(I). These statutory provisions simply do not apply to the present case.

{¶ 8}    In addition, Craver's prison sentence is not contrary to law. " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶ 9}    " 'While it is prudent for a trial court to mimic the language of a sentencing statute * * * the exact language [of] the sentencing statute is not "talismanic," and, therefore, the trial court need not recite the exact language * * * as if it amounted to the "magic words" necessary to impose a prison term on an offender .' " *State v. Nichols,* 195 Ohio App.3d 323,

2011-Ohio-4671, 959 N.E.2d 1082, ¶ 40 (2d Dist.), quoting *State v. Marple*, 12th Dist. Clermont No. CA2004-09-073, 2005-Ohio-6272, ¶ 30. "It is sufficient for a trial court to say that it considered the purposes and principles of sentencing, without specifically mentioning R.C. 2929.11." *State v. Huckleby,* 2d Dist. Montgomery No. 25597, 2013-Ohio-4613, ¶ 13. "[E]ven if there is no specific mention of [R.C. 2929.11 and 2929.12] in the record, 'it is presumed that the trial court gave proper consideration to those statutes.' " *State v. Cave*, 2d Dist. Clark No. 09-CA-6, 2010-Ohio-1237, ¶ 10, quoting *Kalish* at ¶ 18, fn. 4.

{¶ 10} Here, Craver's 24-month prison sentence for bribery is within the prescribed statutory range for third-degree felonies. *See* R.C. 2929.14(A)(3)(b). Also, the trial court stated at the sentencing hearing that it had considered "the purposes and principles of sentencing, and the seriousness and recidivism factors." Sentencing Trans. (May 29, 2013), p. 46, ln. 15-16. Accordingly, we find that Craver's sentence is not contrary to law and that his argument claiming otherwise lacks merit and is wholly frivolous.

{¶ 11} Craver's argument that the trial court abused its discretion during sentencing also lacks merit. "The appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "The standard [under R.C. 2953.08(G)(2)] is more deferential to the trial court's determination than an abuse of discretion." *State v. Polhamus*, 2d Dist. Miami No. 2013-CA-3, 2014-Ohio-145, ¶ 36. Nevertheless, even under an abuse of discretion review, we find no error in the sentence imposed. "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." (Citations omitted.) *State v. Bray*, 2d Dist. Clark No. 2010 CA 14, 2011-Ohio-4660, ¶ 28. "A trial court abuses its discretion when it makes a decision that

is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. Based on the record, we conclude that the trial court's 24-month prison sentence was reasonable and not an abuse of discretion.

{¶ 12} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record and, having done so, we agree with appellate counsel that there are no meritorious issues to present on appeal. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

FROELICH, P.J., concurring:

{¶ 13} Except as set forth in my concurring opinion in *Rodeffer*, I concur in the opinion and judgment of the court.

. . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Andrew T. French
Lori R. Cicero
Angelo M. Craver
Hon. Barbara P. Gorman