[Cite as *State v. Luyando*, 2012-Ohio-1947.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97203**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PEDRO LUYANDO

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545841

**BEFORE:**  Kilbane, J., Blackmon, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  May 3, 2012

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Brian M. McDonough
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Pedro Luyando, appeals from his sentence for involuntary manslaughter with a firearm specification. For the reasons set forth below, we affirm.

{¶2} On January 28, 2011, defendant and codefendant, Angel Garcia ("Garcia"), were indicted pursuant to a four-count indictment for the shooting death of David Morales. Count 1 charged the defendant with aggravated murder in violation of R.C. 2903.01(A), and Count 2 charged him with discharging a firearm near prohibited premises in violation of R.C. 2923.162(A)(3). Both Counts 1 and 2 set forth one- and three-year firearm specifications and a forfeiture of a weapon specification. Count 3 charged him with carrying a concealed weapon in violation of R.C. 2923.12(A)(2) with forfeiture of a weapon specification. Count 4 charged his codefendant with obstructing justice in violation of R.C. 2921.32(A)(5) with a forfeiture of a weapon specification.

{¶3} Defendant pled not guilty, but on April 11, 2008, he reached a plea agreement with the State whereby Count 1 was amended to charge him with the offense of involuntary manslaughter. He pled guilty to this offense as well as the firearm and forfeiture specifications, and the remaining charges were dismissed.

{¶4} On July 26, 2011, defendant submitted a sentencing memorandum that provided in relevant part as follows:

He is married to Wanda Torres, his wife of 29 years. They have two sons, 26 and 16 [and the older child] suffers from a severe mental illness. Mr. Luyando is universally well-regarded in his community. * * *

Mr. Luyando has consistently been employed over the years and is the main financial support for his family. He was most recently employed for the past eight (8) years as a security guard for Royce Security. His employment ended only as a result of the instant case. In this capacity, [defendant] was trained and licensed to carry a concealed firearm continuously from 2004-present. The firearm was lawfully purchased in 2003 for use in his employment. (The firearm * * * is the weapon involved in this case).

Mr. Luyando has never previously been convicted of any felony offense. He has * * * no substance abuse/dependency issues.

He * * * deeply regrets his actions [and is] extremely remorseful for effects

this case has had on others, most notably the victim[.]

{¶5} With regard to the factors set forth in R.C. 2929.12 regarding the seriousness of the offense, defendant indicated that although "his actions fall short of a valid self defense claim as he brought himself to the scene with a gun," the victim partly induced or facilitated the offense in that he was fighting in the street immediately prior to the shooting, had been fighting with defendant's brother, codefendant Garcia, and was under the influence of alcohol and medication. Defendant additionally maintained that he and an independent witness, Jose Perez, observed the victim with a gun, but an unknown person took it from the scene. With regard to the factors set forth in R.C. 2929.12 regarding recidivism, defendant indicated that he did not meet any statutory criteria that are indicative of likelihood to reoffend.

**{¶6}** On July 27, 2011, the trial court rejected defendant's request to receive the minimum term of three years of imprisonment for the offense of involuntary manslaughter, and sentenced defendant to six years of imprisonment for involuntary manslaughter plus three years of imprisonment for the firearm specification, and five years of postrelease control. Defendant now appeals and assigns the following error for our review.

**{¶7}** Defendant's assignment of error states:

"The trial court's imposition of a nine year prison term was contrary to law and an abuse of discretion."

**{¶8}** Within this assignment of error, defendant complains that the trial court did not make necessary statutory findings and did not provide sufficient reasons for imposing the sentence. He additionally complains that the court imposed a sentence beyond that needed to accomplish the purpose of sentencing, the sentence constituted a drain on governmental resources, and that the court failed to consider the proportionality and consistency of the sentence.

**{¶9}** In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." *Id.* at paragraph seven of the syllabus.[1] In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4, the Ohio Supreme

---

[1]Thereafter, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d

Court held that, in accordance with the court's decision in *Foster*, appellate courts must apply the following two-step approach to review a felony sentence:

First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

{¶10} The requirements of R.C. 2929.11 and 2929.12 remain intact, however, and the trial court must still consider these statutes when imposing a sentence. *Kalish* at ¶ 13, citing; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.

R.C. 2929.11(A) provides:

[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future

---

768, the Ohio Supreme Court reiterated that R.C. 2929.14(C)(4) remained unconstitutional and imposed no fact-finding obligation on Ohio's trial courts. *Id.* at 39. The General Assembly, however, recently amended former R.C. 2929.14(E)(4), renumbered R.C. 2929.14(C)(4), effective date of September 30, 2011, requiring fact-finding for consecutive sentences. Am.Sub.H.B. No. 86.

crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

**{¶11}** R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶12}** These statutes are not fact-finding statutes, however. *Kalish* at ¶ 17. Moreover, where the record is silent, an appellate court may presume that the trial court considered the statutory factors when imposing a sentence. *State v. Martinez*, 8th Dist. No. 96222, 2011-Ohio-5832, ¶ 12; *State v. Dargon*, 8th Dist. No. 82918, 2003-Ohio-5826.

**{¶13}** In this matter, defendant pled guilty to involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree, which carried a possible penalty of three to ten years of imprisonment. R.C. 2929.14(A)(1).[2] Defendant also pled guilty to a firearm specification, in violation of R.C. 2941.145, which carried a three-year term of imprisonment. R.C. 2929.14(D). The record indicates that the trial court considered the required statutory provisions in sentencing defendant. The sentence is within the range set forth in the applicable statutory provisions. It meets the overriding purposes of the sentencing provisions of protecting the public and punishing the offender. The six-year term is substantially less than the ten-year term that defendant could have received on the

---

[2]R.C. 2929.14(A)(1) has since been modified to provide for a maximum term of eleven years for felonies of the first degree.

involuntary manslaughter charge. It reflects both the seriousness of the offense and the likelihood that defendant will reoffend and is not clearly and convincingly contrary to law. Under *Kalish* at ¶ 4, the first prong is satisfied.

{¶14} Defendant complains, however, that the sentence does not meet the purpose of punishing the offender using the "minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." We note that, although resource burdens are relevant sentencing considerations under former R.C. 2929.13(A) and newly enacted language in R.C. 2929.11, a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors. *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19. In any event, the record does not support the contention that the sentence imposes an unnecessary burden on state or local resources.

{¶15} As to defendant's additional challenges regarding the proportionality and consistency of the sentence, we note that he did not challenge the proportionality of his sentence or the consistency of it as compared to other similar offenders in the court below, therefore, he has waived this issue. *State v. Santiago*, 8th Dist. No. 95516, 2011-Ohio-3058; *State v. Lycans*, 8th Dist. No. 93480, 2010-Ohio-2780.

{¶16} Turning to the second prong of our standard of review, we find no abuse of discretion in connection with the sentence. The record reveals that defendant's brother had been in an altercation. Defendant denied being summoned to the scene, but he arrived nearby with his weapon a short time later. The record further reveals that

defendant mistakenly believed that his brother did not create the altercation, and intervened, shooting Morales three times. The court stated:

> [L]ooking at your presentence investigation report, and the sentencing memorandum that's prepared by your lawyers, and listening to you here today, in consideration, all the relevant seriousness and recidivism factors, and ensuring that the public is protected from future crime, and that you are punished, I am going to impose a prison term on the underlying offense of involuntary manslaughter * * *.
>
> So I am going to impose a prison term of six years at Lorain Correctional Institution on the underlying offense of involuntary manslaughter. I am going to impose a prison term of three years for the firearm specification.

{¶17} We find no abuse of discretion. The record indicates that defendant intervened in an altercation by assisting the aggressor, and he shot Morales three times. The court carefully considered defendant's background, defendant's actions the night of the shooting, and the relevant statutory provisions. In addition, the trial court considered the presentence investigation report that indicated defendant had "a history of criminal conviction," and "shows no genuine remorse." The court also considered defendant's sentencing memorandum and his statement before sentence. The six-year term was in the midpoint of the statutory range and was within the sound exercise of the trial court's discretion. The second prong of *Kalish,* 120 Ohio St.3d 23, 2008-Ohio-2372, ¶ 4, is therefore satisfied.

{¶18} In accordance with the foregoing, the assignment of error is without merit.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

PATRICIA A. BLACKMON, A.J., and
SEAN C. GALLAGHER, J., CONCUR