[Cite as *State v. Wilson*, 2012-Ohio-4756.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 24978 |
| vs. | : | T.C. CASE NO. 2011-CR-0145 |
| TERRY R. WILSON | : | (CRIMINAL APPEAL FROM COMMON PLEAS COURT) |
| Defendant-Appellant | : | |

· · · · · · · · ·

**O P I N I O N**

Rendered on the 12th day of October, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Prosecuting Attorney, Kirsten A. Brandt, Assistant Prosecuting Attorney, Atty. Reg. No. 0070162, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

Brandin D. Marlow, Atty. Reg. No. 0076381, 150 North Limestone Street, Suite 219, Springfield, Ohio 45501
      Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}  On October 17, 2011, Defendant Terry R. Wilson entered guilty pleas to three counts of gross sexual imposition involving two children, one under ten years of age and the other thirteen.   On November 8, 2011, the trial court imposed concurrent 48-month sentences

for two of the offenses and a sentence of 48 months for the third offense, to run consecutive to the other two 48-month sentences.

{¶ 2}  Defendant filed a motion for leave to file an untimely notice of appeal from his convictions.  We granted the motion.  He presents two assignments of error, both concerning the sentences the court imposed.

{¶ 3}  First Assignment of Error:

"THE TRIAL COURT VIOLATED OHIO REVISED CODE § 2929.11 WHEN IT FAILED TO CONSIDER IF ITS SENTENCE ACCOMPLISHES SENTENCING PURPOSES WITHOUT IMPOSING AN UNNECESSARY BURDEN ON GOVERNMENT."

{¶ 4}  R.C. 2929.11 sets out the overriding purposes and principles of sentencing the court must consider when imposing a felony sentence.  Those overriding purposes are to punish the offender and to protect the public from future crime committed by the offender and others.  R.C. 2929.11 was amended by H.B. 86, effective September 30, 2011, to require the court to impose the minimum sanctions that the court determines "will accomplish those purposes without imposing an unnecessary burden on state or local government resources."

{¶ 5}  Defendant argues that while the trial court indicated why it was imposing more than the minimum and consecutive sentences, nothing suggests, other than the court's general statement that the court considered the purposes and principles of sentencing, that the court also considered the minimum sanctions that would accomplish those purposes without imposing an unnecessary burden on state resources.

{¶ 6}  Although resource burdens are a relevant sentencing criterion under newly enacted language in R.C. 2929.11(A), a sentencing court is not required to elevate resource

conservation above seriousness and recidivism factors. *State v. Luyando,* 8th Dist. Cuyahoga No. 97203, 2012-Ohio-1947, ¶ 14, citing *State v. Burton,* 10th Dist. Franklin No. 06AP-690, 2007-Ohio-1941, ¶ 19. *Accord, State v. Ober,* 2d Dist. Greene No. 97 CA 0019, 1997 WL 624811 (Oct. 10, 1997). "Where the interests of public protection and punishment are well served by a prison sentence, the claim is difficult to make that the prison sentence imposes an unnecessary burden on government resources." *State v. Bowshier,* 2d Dist. Clark No. 08-CA-58, 2009-Ohio-3429, ¶ 14, citing *Ohio Felony Sentencing Law,* 2007 Ed. Griffin and Katz, at 966.

{¶ 7} When determining whether a prison sentence is warranted, the trial court must consider the benefit to society in assuring that Defendant will not be free to continue to re-offend. *State v. Vlahopoulos,* 154 Ohio App.3d 450, 2003-Ohio-5070, 797 N.E.2d 580, ¶ 5 (8th Dist.). "Many people sleep better at night knowing that certain offenders are incarcerated. They would no doubt consider a lengthy incarceration worth the cost of housing those offenders." *Id.*

{¶ 8} Prior to imposing sentence upon Defendant, the trial court considered the pre-sentence investigation report, the statements of the parties, and the sentencing memoranda submitted. The trial court explained that it considered "the purposes and principles of sentencing in the Ohio Revised Code" including "the seriousness and recidivism factors contained therein." A sentencing court satisfies its obligations under R.C. 2929.11 and R.C. 2929.12 when it considers the general guidance factors set forth in those sections. *State v. Watkins,* 186 Ohio App.3d 619, 2010-Ohio-740, 929 N.E.2d 1072, ¶ 39 (2d Dist.). The court is not required to make specific findings or to use the exact wording of the statute. *Id.*

{¶ 9} The trial court acknowledged that Defendant had pled guilty to the charges, "which eliminated the necessity of the victims testifying." The court pointed out that Defendant's convictions were part of a course of conduct, victimizing multiple young female relatives, and that the harm caused by those offenses "was so great and unusual that no single prison term can adequately reflect the seriousness of the offender's conduct." Furthermore, the court found that Defendant's "history of this kind of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant."

{¶ 10} The court's statement that in imposing Defendant's sentences it considered the purposes and principles of sentencing encompasses the "unnecessary burden on government resources" constraint against excessive sentences in R.C. 2929.11(A). Having said that, the court satisfied its burden to make the determination that a lesser sentence would not suffice. *Watkins*. Further, the reasons the court gave for the sentences it imposed demonstrate that the court's determination was not incorrect. Defendant offers no basis to conclude otherwise.

{¶ 11} The first assignment of error is overruled.

{¶ 12} Second Assignment of Error:

"OHIO REVISED CODE § 2929.11 VIOLATES WILSON'S PROCEDURAL DUE PROCESS RIGHTS BECAUSE IT FAILS TO REQUIRE A TRIAL COURT TO PLACE ON THE RECORD THE SPECIFIC FACTS IT CONSIDERS WHEN ORDERING CONSECUTIVE SENTENCES."

{¶ 13} Wilson complains that R.C. 2929.11 is unconstitutional, as a violation of his due process rights of notice and an opportunity to be heard, because it does not require the

sentencing court to specify the facts on which it relies to make the findings that section requires:

> Due process under the Ohio and United States Constitutions demands that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner where the state seeks to infringe a protected liberty or property interest. *Greene v. Lindsey* (1982),456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249; *Boddie v. Connecticut* (1971),401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113; *Williams v. Dollison* (1980), 62 Ohio St.2d 297, 299, 16. O.O.3d 350, 351, 405 N.E.2d 714, 716. However, the concept of due process is flexible and varies depending on the importance attached to the interest and the particular circumstances under which the deprivation may occur. *Walters v. Natl. Assn. Of Radiation Survivors* (1985), 473 U.S. 305, 320, 105 S.Ct. 3180, 3189, 87 L.Ed.2d 220, 232.

*State v. Hochhausler*, 76 Ohio St.3d 455, 459, 668 N.E.2d 457 (1996).

{¶ 14} Defendant entered guilty pleas to the three offenses of which he was convicted. Those pleas constitute a complete admission of his guilt. Crim. R. 11(B). Defendant's acknowledgment of his guilt narrows the due process right on which he relies with respect to the sentencing court's notification to the Defendant of the facts on which it relied in imposing sentences for those offenses.

{¶ 15} The court did notify Defendant of the facts on which it relied in the court's references to Defendant's "course of conduct in victimizing young female victims" and his

"history" of such conduct. Due process does not require the court to give a defendant who pleads guilty <u>prior</u> notice of those facts or to delineate them in a more specific way.

{¶ 16} With respect to his consecutive sentences, Defendant's argument is misplaced. R.C. 2929.14(C)(4) requires the court, when imposing consecutive sentences, to make one or more of three alternative findings:

(a) The offender committed one or more of the multiple offenses while the offender was waiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17} The particular findings the court made accord with the findings that R.C. 2929.14(C)(4)(b) and (c) contemplate.

{¶ 18} There is no constitutional requirement that a sentencing court make findings of fact before ordering consecutive sentences. *State v. Hodge,* 128 Ohio St.3d 1,

2010-Ohio-6320, 941 N.E.2d 768, ¶ 26. While R.C. 2929.14(C)(4) requires a sentencing court to make specific findings before imposing consecutive sentences, the statute does not require a sentencing court to specifically identify the factual bases for those findings. In other words, contrary to Defendant's assertion, a sentencing court is not required to explicitly identify the matters upon which it relied in imposing consecutive sentences.

{¶ 19} Prior to entering his guilty pleas, Defendant was made aware of the charges against him in the form of the indictment, a bill of particulars, and full discovery pursuant to both Crim. R. 16 and the Montgomery County Common Pleas Court Management Plan. Additionally, prior to sentencing, Defendant was given further information as contained in the State's sentencing memorandum and in the pre-sentencing investigation report, which included not only the details of the gross sexual imposition convictions, but also Defendant's criminal history. Therefore, Defendant had notice of what the trial court was referring to with respect to a course of conduct, the harm caused to the victims, and the extent of his criminal history. Defendant's claim that he was denied his due process rights to notice and a meaningful opportunity to be heard is without merit.

{¶ 20} Defendant's second assignment of error is overruled.

{¶ 21} The judgment of the trial court will be affirmed.

Froelich, J., concurring:

{¶ 22} I concur, but am concerned that the decision will be read as minimizing, if not negating, the legislature's amendment of R.C. 2929.11(A). 2011 H.B. 86, effective September 30, 2011, added the requirement that a court accomplish the purposes of felony sentencing (protection of the public and punishment of the offender) "using the minimum

sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

{¶ 23} Similar language ("The sentence shall not impose an unnecessary burden on state or local government resources") was previously included in R.C. 2929.13(A), which applied to various specific offenses and degrees of offenses, but was removed by H.B. 86. The difference between former R.C. 2929.13(A) and current R.C. 2929.11(A) is the change of the word "sentence" to "sanctions" and the requirement of the court's "using the minimum sanctions" that the court determines do not impose an unnecessary burden on resources.

{¶ 24} *State v. Luyando*, 8th Dist. Cuyahoga No. 97203, 2012-Ohio-1947, was correct that "although resource burdens are relevant sentencing considerations under former R.C. 2929.13(A) and newly enacted language in R.C. 2929.11, a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors." *Id.* at ¶ 14. However, the mandate that the court impose the minimum sanctions means more than we discussed in *State v. Bowshier*, 2d Dist. Clark No. 08-CA-58, 2009-Ohio-3429, which was decided under former R.C. 2929.13(A). I find the language to mean that there is a requirement for the imposition of the minimum sanctions necessary to achieve the goals of punishment and protection (without an unnecessary burden on government resources) and that a silent record, or even one that by rote statement says that the purpose and principles and seriousness and recidivism factors were considered, would not support a greater sanction.

{¶ 25} Here, I agree with the majority that the trial court made a sufficient record that the minimum sanction would not accomplish those goals and that the sanction's burden on government resources was "necessary."

Hall, J., concurring:

{¶ 26} I agree that, in this case, the trial court satisfied its R.C. 2929.11(A) sentencing obligation by stating that it considered "the purposes and principles of sentencing" and **"the seriousness and recidivism factors" of the Ohio Revised Code. I also agree that by stating that it considered the purposes and principles of sentencing, the trial court had included R.C. 2929.11(A)'s minimum-sanctions and unnecessary-burden-on-government-resources language. The court was not required to refer separately to either the minimum sanction or the government's burden. This is consistent with our prior jurisprudence. "Furthermore, even if there is no specific mention of those statutes in the record, 'it is presumed that the trial court gave proper consideration to those statutes.'" *State v. Miller*, Clark No. 09CA28, 2010–Ohio–2138, _43, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, Fn.4.**

{¶ 27} The "minimum sanctions" in this statute should not be mistaken for a minimum prison sentence within a statutory range. A sentencing court is not required to make findings or give any reasons for more than a minimum prison sentence. *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470. "Minimum sanctions" are those conditions, circumstances, programing, restrictions or incarceration that the sentencing court determines will accomplish the overriding purposes of felony sentencing without imposing an unnecessary burden on government resources. The second sentence in R.C.2929.11(A) defines the "overriding purposes of felony sentencing." They are to protect and to punish using the minimum sanctions that accomplish protection and punishment without imposing an unnecessary burden on government resources. Thus, if a court considers the purposes and

principles of sentencing, the court has necessarily considered both "minimum sanctions" and **"unnecessary burden."**

**{¶ 28}** Finally, I question whether trial courts are in a position to evaluate what the minimum sanctions are that accomplish the purposes of felony sentencing that will not burden government resources. Resource burdens are the province of the executive and legislative branches of government. And, unlike R.C. 2929.12, which gives courts guidance in evaluating seriousness and likelihood of recidivism, R.C. 2929.11(A) gives no guidance whatsoever in evaluating whether a sanction burdens resources.

**Copies mailed to:**

**Kirsten A. Brandt, Esq.**
**Brandin D. Marlow, Esq.**
**Hon. Gregory F. Singer**