[Cite as *State v. Henry*, 2014-Ohio-1318.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                   :

    Plaintiff-Appellee              :            CASE NO.   CA2013-03-050

                                :            O P I N I O N
- vs -                                                          3/31/2014

                                :

CHARLES B. HENRY,                          :

    Defendant-Appellant.          :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2012-05-664


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Matthew T. Dixon, 16 N. Main Street, Middletown, Ohio 45044, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant Charles Henry appeals his sentence from the Butler County Court of Common Pleas for pandering sexually-oriented matter involving a minor.

{¶ 2} On May 21, 2012, Henry pled guilty to five counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.32.2(A)(1), felonies in the second degree, and five counts of pandering sexually-oriented matter involving a minor in violation of

R.C. 2907.32.2(A)(5), felonies in the fourth degree. The trial court subsequently sentenced Henry to five years in prison.

{¶ 3} Henry now appeals from that sentence, raising two assignments of error for our review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE SENTENCE OF THE TRIAL COURT IS CONTRARY TO LAW BECAUSE IT FAILS TO REFLECT ANY CONSIDERATION OF THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING CONTAINED IN R.C. 2929.11 OR THE SERIOUSNESS AND RECIDIVISM FACTORS OF R.C. 2929.12.

{¶ 6} Within this assignment of error, Henry makes two arguments. First, he argues that "purely conclusory statements in the Judgment of Conviction Entry that factors were considered is insufficient to support review as providing no independent basis for the reviewing authority to assess whether such consideration was in fact given." Second, Henry argues that the "record shows that no determination was made that the sentence imposed on the defendant was the minimum sanction necessary to accomplish the purposes" of R.C. 2929.11.

{¶ 7} This court has recently established that "the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing

- 2 -

court abused its discretion."

{¶ 8} Instead, an appellate court may take any action authorized by R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or (2) "[t]hat the sentence is otherwise contrary to law." In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8, quoting *Venes*, 2013-Ohio-1891 at ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* Instead, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review," as "the restriction is on the appellate court, not the trial judge." *Id.*

{¶ 9} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentences the accused within the permissible statutory range. *Crawford* at ¶ 9; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 10} In sentencing Henry in the present case, the judgment entry explicitly states that the trial court considered the underlying facts of the case, the presentence report, "as well as the principles and purposes of sentencing under [R.C.] 2929.11, and has balanced the seriousness and recidivism factors of [R.C.] 2929.12 * * *." While Henry seeks to minimize the meaning of that portion of the court's entry, we note that a trial court speaks through its entries. *E.g., State v. Grundy*, 12th Dist. Warren No. CA2011-09-099, 2012-Ohio-3133, ¶ 51, fn.1.

{¶ 11} In addition, the trial court specifically considered at the sentencing hearing that (1) police found seven computers and multiple DVDs containing children under the age of 14 engaging in sexual activity, (2) Henry admitted to collecting and trading in child pornography for more than 2 years, (3) Henry was aware of what would happen if he were caught but was not dissuaded, (4) Henry still cannot comprehend why or how this criminal activity began, (5) Henry acknowledged that downloading child pornography had become a habit, and (6) Henry appeared to the probation department to show no remorse for his actions and minimized the severity of the offenses.

{¶ 12} While the trial court did not use the words "purposes and principles" or "seriousness and recidivism" at the sentencing hearing, we find such specific language unnecessary as long as it is clear from the record that such considerations were made. As evidenced above, the trial court clearly took those factors into consideration. Accordingly, we cannot find that the trial court's sentence was clearly and convincingly contrary to law.

**Unnecessary Burden on State or Local Government**

{¶ 13} Henry's second argument under the first assignment of error focuses on the assertion that the trial court failed to consider the burden of his prison sentence on state or local government resources.

{¶ 14} We agree with the Second District's holding that:

> [a]lthough resource burdens are a relevant sentencing criterion under newly enacted language in R.C. 2929.11(A), a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors. *State v. Luyando*, 8th Dist. Cuyahoga No. 97203, 2012-Ohio-1947, ¶ 14, citing *State v. Burton*, 10th Dist. Franklin No. 06AP-690, 2007-Ohio-1941, ¶ 19. *Accord, State v. Ober*, 2d Dist. Greene No. 97 CA 0019, 1997 WL 624811 (Oct. 10, 1997). "Where the interests of public protection and punishment are well served by a prison sentence, the claim is difficult to make that the prison sentence imposes an unnecessary burden on government resources." *State v. Bowshier*, 2d Dist. Clark No. 08-CA-58, 2009-Ohio-3429, ¶ 14,

citing Ohio Felony Sentencing Law, 2007 Ed. Griffin and Katz, at 966.

*State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012-Ohio-4756, ¶ 6.

{¶ 15} In the present case, we have already determined that the trial court properly and explicitly considered the relevant factors under R.C. 2929.11 and R.C. 2929.12. Those factors include the seriousness and recidivism factors contained therein, as well as the burden on state and local government resources. The court also made further findings at the sentencing hearing regarding the nature and extent of the crimes committed by Henry. Therefore, we find that the court's reasoning for imposing the five-year prison sentence is sound.

{¶ 16} In light of the foregoing, having found that the trial court properly considered the purposes and principles of R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12, Henry's first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE SENTENCE IMPOSED BY THE TRIAL COURT, EVEN IF OTHERWISE LAWFUL, IS UNDULY HARSH AND NOT SUPPORTED BY THE RECORD AS THE OFFENSES DO NOT APPEAR ON THE RECORD TO BE AGGRAVATED OR MORE SERIOUS FORMS OF THE OFFENSES CONCERNED AND THEREFORE THE IMPOSITION OF A MORE-THAN-MINIMUM SENTENCE CONSTITUTES [AN] ABUSE OF DISCRETION BY THE COURT.

{¶ 19} As stated above, the trial court properly considered the purposes and principles of R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12, and sentenced Henry to a prison term within the statutory range. The maximum penalty the trial court could have imposed would have amounted to 47.5 years in prison, yet the trial court sentenced Henry to only five years in prison. We cannot find such a sentence unduly harsh.

{¶ 20} In light of the foregoing, having found that the sentence is within the statutory range and supported by the record, Henry's second assignment of error is overruled.

{¶ 21} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.