[Cite as *State v. Reeves*, 2015-Ohio-3251.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

     Plaintiff-Appellee,                      :

                                               No. 14AP-856
v.                                                     :      (C.P.C. No. 14CR-2911)

Arron A. Reeves,                                       :      (REGULAR CALENDAR)

     Defendant-Appellant.                     :

---

D E C I S I O N

Rendered on August 13, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for
appellee.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for
appellant.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Arron A. Reeves, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm.

## I.  Factual and Procedural Background

{¶ 2} On June 2, 2014, a Franklin County Grand Jury indicted appellant with one count of domestic violence in violation of R.C. 2919.25 and one count of abduction in violation of R.C. 2905.02. The counts arose out of a physical altercation that occurred between appellant and his girlfriend. Appellant initially entered a not guilty plea to both counts. As part of an agreement with the state, however, appellant withdrew his not guilty plea to the count of domestic violence and entered a guilty plea to that count. The abduction charge was dismissed. The trial court accepted appellant's guilty plea, found

him guilty, and sentenced him to 18 months in prison, the maximum prison term for his conviction.

## II. Appellant's Appeal

{¶ 3} Appellant appeals and assigns the following errors:

> [1.] The lower court abused its discretion and imposed a sentence contrary to law when it ordered Appellant to serve a term of incarceration in the Ohio Department of Rehabilitation and Corrections in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution and R.C. 2953.08(A)(4) and (G).

> [2.] The lower court abused its discretion and imposed a sentence contrary to law when it ordered Appellant to serve eighteen (18) months' incarceration, the maximum prison term for felonies of the fourth degree, in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution and R.C. 2953.08(A)(1)(a).

### A. First Assignment of Error—Was Appellant's Sentence Contrary to Law?

{¶ 4} We initially set forth our standard of review. We do not review a trial court's sentence for an abuse of discretion. Instead, we must determine whether clear and convincing evidence establishes that the sentence is contrary to law. *State v. Mercier*, 10th Dist. No. 13AP-906, 2014-Ohio-2910, ¶ 4. Applying that standard, we look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law. *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19; *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 15; *State v. White*, 1st Dist. No. C-130114, 2013-Ohio-4225, ¶ 9-10.

{¶ 5} Appellant first argues that his sentence was not consistent with or proportional to sentences in other cases involving domestic violence in violation of R.C. 2929.11(B). We disagree.

{¶ 6} The consistency and proportionality requirements of R.C. 2929.11(B) require that sentencing courts impose punishment and sentence "consistent with sentences imposed for similar crimes committed by similar offenders." This court has

stated that consistency does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. Although offenses may be similar, distinguishing factors may justify dissimilar sentences. *State v. Worth*, 10th Dist. No. 10AP-1125, 2012-Ohio-666, ¶ 98, quoting *State v. Battle*, 10th Dist. No. 06AP-863, 2007-Ohio-1845, ¶ 24. Thus, consistency in sentencing does not derive from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines. *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, ¶ 10 (10th Dist.). In order to demonstrate that a sentence is inconsistent, an offender must demonstrate that the trial court did not properly consider applicable sentencing criteria found in R.C. 2929.11 and 2929.12. *Worth* at ¶ 99, citing *State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650, ¶ 19.

{¶ 7} Here, the trial court wrote in its judgment entry imposing sentence that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." That language in a judgment entry belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing, pursuant to R.C. 2929.11(A), and the R.C. 2929.12 factors regarding recidivism and the seriousness of the offense. *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 15; *State v. Small*, 10th Dist. No. 09AP-1175, 2010-Ohio-5324, ¶ 16.

{¶ 8} Appellant also argues that his prison sentence violates the sentencing principles found in R.C. 2929.11(A) because it constitutes an "unnecessary burden" on government resources. In relevant part, R.C. 2929.11(A) provides that:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶ 9} Although resource burdens are a relevant sentencing criterion under R.C. 2929.11(A), a sentencing court is not required to elevate resource conservation above the R.C. 2929.12 seriousness and recidivism factors. *State v. Luyando*, 8th Dist. No. 97203, 2012-Ohio-1947, ¶ 14, citing *Burton* at ¶ 19; *State v. Wilson*, 2d Dist. No. 24978, 2012-

Ohio-4756, ¶ 6. " 'Where the interests of public protection and punishment are well served by a prison sentence, the claim is difficult to make that the prison sentence imposes an unnecessary burden on government resources.' " *Id.*, quoting *State v. Bowshier*, 2d Dist. No. 08-CA-58, 2009-Ohio-3429, ¶ 14; *State v. Henry*, 12th Dist. No. CA2013-03-050, 2014-Ohio-1318, ¶ 14. We have already determined that the trial court considered the relevant factors under R.C. 2929.11 and 2929.12. Thus, the trial court necessarily considered the burden on state and local government resources a prison term would entail. Additionally, appellant has not demonstrated that his sentence is an unnecessary burden on government resources. *State v. Huckleby*, 2d Dist. No. 25597, 2013-Ohio-4613, ¶ 14.

{¶ 10} Appellant also argues that trial court improperly weighed the R.C. 2929.12 sentencing factors and should have given more weight to his grounds in mitigation. We disagree because "the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Todd*, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, ¶ 23. While appellant disagrees with the trial court's balancing of the sentencing factors and mitigation evidence, such a disagreement does not make a sentence that falls within the applicable statutory range contrary to law. *Stubbs* at ¶ 16, citing *State v. Saur*, 10th Dist. No. 10AP-1195, 2011-Ohio-6662, ¶ 48.

{¶ 11} Appellant has not demonstrated that his sentence is contrary to law. Accordingly, we overrule appellant's first assignment of error.

### B. Second Assignment of Error–Did the Trial Court Impose a Maximum Sentence for Improper Reasons?

{¶ 12} Appellant next argues that the trial court sentenced him to a maximum prison term for his domestic violence conviction because the trial court felt that he had evaded responsibility for the abduction charge by entering into a plea agreement with the state. We disagree.

{¶ 13} Appellant premises his argument on his interpretation of comments the trial court made at sentencing. Specifically, the trial court told appellant that "you did a wonder getting rid of that F3 [the abduction count] because I would have double stacked those bad boys in a heartbeat. He made sure that I didn't get a real chance at you." (Tr. 10.) While appellant interprets those comments as indicating retribution, we interpret

them as the trial court telling appellant that his attorney got him a good deal because he would have sentenced him to consecutive prison terms if he had pled guilty to two offenses. We do not interpret them as providing a reason why the trial court imposed the maximum sentence.

{¶ 14} In fact, the trial court was clear why it imposed maximum sentences, and it did not involve appellant's plea agreement: it was his own conduct. At sentencing, the trial court noted that it twice listened to the victim's 911 call while the offenses were occurring and that:

> It was a rant and rave over jealousy. * * * It was just a rant, and it was almost psychotic. No one deserves to be hit, period. And the rage that was on there, I have some real problems with it. I think I really need to protect society here. I must say it's not the worst DV I've ever seen; it's not even in the top ten. But his ranting and raving, I think a maximum sentence is appropriate to protect the public and not to demean the seriousness of the offense. That much rage and anger, it didn't last for seconds. It went on and on and on. And I can justify everything.

(Tr. 10.)

{¶ 15} The trial court further commented that it had "to justify what I did. It's to protect society. With these rantings and ravings, I'm sorry about your daughter. I'm sorry you're facing that, but I can't justify anything but this sentence." (Tr. 10.) These comments make it clear why the trial court chose to impose a maximum prison term.

{¶ 16} For these reasons, we reject appellant's argument that the trial court improperly imposed a maximum prison term based on his plea agreement. Accordingly, we overrule his second assignment of error.

## III. Conclusion

{¶ 17} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

———————————