[Cite as *State v. Watson*, 2020-Ohio-1146.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO                    :
                                 :
    Plaintiff-Appellee          :    Appellate Case No. 2019-CA-35
                                 :
v.                               :    Trial Court Case No. 2019-CR-67
                                 :
BRIAN WATSON                     :    (Criminal Appeal from
                                 :    Common Pleas Court)
    Defendant-Appellant         :
                                 :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 27th day of March, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

NICOLE RUTTER-HIRTH, Atty. Reg. No. 0081004, 2541 Shiloh Springs Road, Dayton, Ohio 45426
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Brian Watson appeals his conviction and sentence for two counts of gross sexual imposition (GSI), in violation of R.C. 2907.05(A)(4), both felonies of the third degree. Watson filed a timely notice of appeal with this Court on May 6, 2019.

{¶ 2} On January 28, 2019, Watson was indicted for the following six offenses: Counts I - III: rape (less than 13 years old), in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree; and Counts IV - VI: gross sexual imposition (less than 13 years old), in violation of 2907.05(A)(4), all felonies of the third degree. At his arraignment on February 1, 2019, Watson pled not guilty to all of the offenses set forth in the indictment.

{¶ 3} The incidents which formed the basis for the charges occurred over the course of a year and a half, between March 2017 and September 2018. During that time period, Watson was alleged to have repeatedly sexually abused his 11-year-old daughter, M. The ongoing sexual abuse was revealed when M. informed one of her teachers that Watson had penetrated her digitally and placed his mouth on her vagina. Shortly thereafter, M. was interviewed by employees at the Child Advocacy Center where she confirmed again that she had been repeatedly sexually abused by Watson. We note that M. had cerebral palsy and was on the autism spectrum, causing her to have multiple developmental delays.

{¶ 4} When confronted with his daughter's allegations, Watson initially denied everything when interviewed at the Clark County Sheriff's office. Sentencing Tr. 7. Watson then changed his story, theorizing that M. had viewed internet porn on his computer, which led her to concoct her allegations of sexual abuse against him. *Id.* at 8. Upon further questioning, Watson changed his story again, claiming that he only touched

M.'s vagina in order to show her how to masturbate properly and how to "finish faster." Presentence Investigation Report (PSI) at 1.

{¶ 5} On April 1, 2019, Watson pled guilty to two counts of GSI (Counts IV and V in the indictment) in exchange for dismissal off the remaining counts. The trial court accepted Watson's pleas, found him guilty on both counts, and ordered a PSI to be prepared by the Adult Probation Department.

{¶ 6} At disposition on April 23, 2019, the trial court sentenced Watson to the maximum term of five years in prison on each GSI count, and ordered the counts to be served consecutively for an aggregate sentence of ten years in prison. Watson was also designated as a Tier II sex offender. We note that the trial court orally made the findings required by R.C. 2929.14(C)(4) and included them in its judgment entry.

{¶ 7} It is from this judgment that Watson now appeals.

{¶ 8} Watson's sole assignment of error is as follows:

MR. WATSON'S MAXIMUM CONSECUTIVE SENTENCE WAS UNCONSTITUTIONAL AND UNLAWFUL PURSUANT TO R.C. 2953.08.

{¶ 9} In his sole assignment, Watson contends that the trial court erred when it imposed maximum consecutive sentences in the instant case.

{¶ 10} Watson did not object to the imposition of consecutive sentences in the trial court. Accordingly, we review the trial court's imposition of consecutive sentences for plain error. *State v. Brewer*, 2017-Ohio-119, 80 N.E.3d 1257 (2d Dist.). In order to constitute plain error, the error must be an obvious defect in the trial proceedings, and the error must have affected substantial rights. *State v. Norris*, 2d Dist. Montgomery No. 26147, 2015-Ohio-624, ¶ 22; Crim.R. 52(B). Plain error should be noticed "with the utmost

caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23.

## I. Imposition of Maximum Sentences

{¶ 11} As this Court has previously noted:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

*State v. Armstrong*, 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263, ¶ 12.

{¶ 12} R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony

shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 13} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

{¶ 14} R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 15} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase,

reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 16} The maximum sentence authorized by law, the five-year sentence for each count of GSI imposed by the trial court, was within the permissible statutory range for a conviction for GSI, a felony of the third degree. However, at disposition, the trial court failed to mention the principles and purposes of sentencing pursuant to R.C. 2929.11 and/or the seriousness and recidivism factors enunciated in R.C. 2929.12. Nevertheless, in its judgment entry of conviction, the trial court stated the following:

> The Court has considered the PSI, record, oral statements of counsel, the defendant's statement, *and the purposes and principles of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.*

(Emphasis added.)

{¶ 17} This Court has held that a defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it has considered R.C. 2929.11 and R.C. 2929.12, even if the court neglected to mention these statutes at the sentencing hearing. *State v. Battle,* 2d Dist. Clark No. 2014 CA 5, 2014-Ohio-4502, ¶ 15, citing *State v. Miller,* 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43. Accordingly, the trial court's failure to orally advise Watson at disposition of its findings pursuant to R.C. 2929.11 and R.C. 2929.12 did not render his sentence contrary to law.

{¶ 18} Additionally, we are not persuaded that the trial court's imposition of

maximum sentences was unwarranted simply because Watson was a first-time offender. We previously have rejected the suggestion that a defendant's status as a first-time offender provides a proper basis for comparison of sentences imposed in different cases. *See Armstrong,* 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263, at ¶ 42. "Many factors enter into a sentencing determination in each case, and sentences cannot reasonably be compared to one another in this manner." (Citations omitted.) *Id.*

## II. Imposition of Consecutive Sentences

{¶ 19} Watson also argues that the trial court erred when it imposed consecutive sentences for the following reasons: 1) "it appears that the court imposed consecutive sentences not because of the offenses for which he was convicted but because four rape counts were dismissed";[1] 2) although Watson scored low for recidivism, his PSI reflected that he was high risk because he failed to properly admit to his offenses; 3) his sentence constitutes an unnecessary burden on government resources; and 4) his sentence is comparatively longer than that of similarly-situated offenders.

{¶ 20} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that

---

[1] As previously stated, only three counts of rape were dismissed as part of Watson's plea deal with the State (Counts I, II, and III). The last count to be dismissed was Count VI, GSI.

(1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 21} At disposition, the trial court stated the following in regard to the imposition of consecutive sentences:

I do find that consecutive sentences are necessary to protect the public from future crimes, to punish the Defendant, that they're not disproportionate to the seriousness of his conduct and the danger he poses to the public, and that these multiple offenses were committed as part of a course of conduct and the harm caused was so great or unusual that no single prison term

adequately reflects the seriousness of his conduct.

I understand this was a guilty plea and in some respects an acknowledgment of responsibility. I also understand that in exchange for that guilty plea[,] multiple rape offenses were dismissed.

**{¶ 22}** We have said that "a trial court may rely on 'a broad range of information' at sentencing." *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.). "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." (Citation omitted.) *Bowser* at ¶ 14. "Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." (Citation omitted.) *Bodkins* at ¶ 43. Even " '[u]nindicted acts * * * can be considered in sentencing without resulting in error when they are not the sole basis for the sentence.' " *State v. Cook*, 8th Dist. Cuyahoga No. 87265, 2007-Ohio-625, ¶ 69, quoting *State v. Bundy*, 7th Dist. Mahoning No. 02 CA 211, 2005-Ohio-3310, ¶ 86. Therefore, the trial court was entitled to consider the dismissed rape counts when it imposed consecutive sentences upon Watson.

**{¶ 23}** Furthermore, pursuant to *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012-Ohio-4756, we have held that "a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors." *See also State v. Henry*, 12th Dist. Butler No. CA2013-03-050, 2014-Ohio-1318, citing *Wilson*. Having reviewed the record, we cannot conclude, pursuant to R.C. 2929.11(A), that the court was not guided

by the overriding purposes of felony sentencing in imposing the maximum prison term, or that Watson's sentence imposes an unnecessary burden on state or local government resources. "Where the interests of public protection and punishment are well served by a prison sentence, the claim is difficult to make that the prison sentence imposes an unnecessary burden on government resources." *State v. Bowshier*, 2d Dist. Clark No. 08-CA-58, 2009-Ohio-3429, ¶ 14, citing Griffin and Katz, *Ohio Felony Sentencing Law*, 966 (2007 Ed.).

{¶ 24} As previously stated, Watson pled guilty to two counts of GSI, wherein he was accused of sexually abusing his own daughter who has cerebral palsy and autism, as well as developmental delays. Additionally, while Watson admitted that he did sexually abuse M., he attempted to minimize his criminal conduct, stating that he only touched M.'s vagina in order to show her how to masturbate properly and how to "finish faster." PSI at 1. Accordingly, we conclude that the trial court's findings were supported by the record.

{¶ 25} As previously stated, in ordering that the maximum sentences for Watson's two offenses be served consecutively, the trial court strictly adhered to the language of R.C. 2929.14(C)(4)(b), finding consecutive sentences "necessary to protect the public from future crime, to punish [Watson]" and "not disproportionate to the seriousness of [Watson]'s conduct and to the danger he poses to the public," and further finding that the two offenses "were committed as part of a course of conduct" and the harm caused thereby "was so great or unusual that no single prison term adequately reflects the seriousness of [Watson]'s conduct." Accordingly, the trial court's maximum consecutive sentence findings were not clearly and convincingly unsupported by the record or contrary

to law.

**{¶ 26}** Watson's sole assignment of error is overruled.

**{¶ 27}** Watson's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Nicole Rutter-Hirth
Hon. Douglas M. Rastatter