**[Cite as *State v. Jones*, 2014-Ohio-1540.]**


# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

KYLE JONES

      Defendant-Appellant


Appellate Case No.    2013-CA-63

Trial Court Case No.   2013-CR-223


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 11th day of April, 2014.

. . . . . . . . . . .

LISA M. FANNIN, Attorney. Reg. No. 00082337, Assistant Clark County Prosecutor, 50 East Columbia Street, P.O. Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 111 West First Street, Suite 518, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant, Kyle Jones, appeals from his conviction and sentence in the Clark County Court of Common Pleas after a jury found him guilty of failing to comply with the order or signal of a police officer in violation of R.C. 2921.331(B).   For the reasons outlined below, the judgment of the trial court is affirmed.

**Facts and Course of Proceedings**

{¶ 2}   On April 1, 2013, Kyle Jones was indicted on one count of failing to comply with the order or signal of a police officer in violation of 2921.331(B), a third-degree felony. Jones pled not guilty to the charge and the matter proceeded to a jury trial.   The following facts were elicited at trial.

{¶ 3}   On the night of March 17, 2013, Officer Morris Johnson of the Ohio State Highway Patrol was driving westbound on Interstate 70 in Clark County, Ohio, when he noticed a vehicle with front-end damage jerking left to right in an effort to stay within its lane of travel. As Johnson followed the vehicle, he noticed that it had no rear license-plate light.   He also observed the vehicle cross over into the right fog lane.   As a result of these violations, Johnson activated his overhead lights and pulled the vehicle over.

{¶ 4}   When Johnson exited his cruiser and approached the vehicle, the driver turned his head to look at him and then quickly drove away.   Thereafter, Johnson pursued the driver in a high-speed chase that reached speeds up to 123 miles per hour.   Eventually the driver pulled off the road, jumped out of his vehicle, and ran into a nearby wooded area.   Multiple officers arrived at the scene; however, the fleeing suspect could not be detained.   The officers ran the license plates on the abandoned vehicle and discovered that Jones was the owner.   Using a

photograph, Johnson was able to identify Jones as the suspect driver, and Jones was later found and arrested.

{¶ 5}     The entire series of events, other than Jones's arrest, was captured on video via Johnson's cruiser camera.   The video, which lasted approximately 81 minutes, was presented to the jury as evidence at trial.   Following deliberation, the jury found Jones guilty of failing to comply with the order or signal of a police officer and creating a substantial risk of serious physical harm to persons or property.   The matter was then scheduled for a sentencing hearing on July 23, 2013.   At sentencing, defense counsel moved for a new trial on grounds that he and Jones had observed jurors sleeping during the video presentation.   However, neither Jones, nor his counsel raised any objection regarding jurors sleeping during the course of trial.   The trial court overruled the motion for new trial and sentenced Jones to three years in prison.   The trial court also suspended Jones's driver's license for five years.

{¶ 6}     Jones now appeals from his criminal conviction and sentence, raising two assignments of error for our review.

**Assignment of Error No. 1**

{¶ 7}     Jones's First Assignment of Error is as follows:

APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE.

{¶ 8}     Under this assignment of error, Jones argues that his defense counsel was ineffective in failing to object upon discovering jurors sleeping during a portion of his trial.

{¶ 9}     We review allegations of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d

674 (1984) and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To prevail on an ineffective-assistance claim, Jones must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland* at paragraph 2 of the syllabus. A trial counsel's performance is deficient if the conduct complained of fell below an objective standard of reasonableness. *Id*. at paragraph 2(a) of the syllabus. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Id*.

{¶ 10} As for prejudice, a trial counsel's deficient performance is prejudicial when counsel's errors are serious enough to create a reasonable probability that, but for the errors, the result of trial would have been different. *Id.* at paragraph 2(b) of the syllabus. In order to demonstrate prejudice due to counsel's failure to object to sleeping jurors, Jones "needs to assert the exact testimony that the sleeping juror[s] missed." *State v. Wilson*, 8th Dist. Cuyahoga No. 98033, 2012-Ohio-4065, ¶ 11, citing *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 187. "Where there is no evidence that the allegedly sleeping juror[s] missed large or critical portions of the trial, there is no evidence that prejudice occurred." *Id*., citing *State v. Sanders*, 92 Ohio St.3d 245, 253, 750 N.E.2d 90 (2001) and *State v. Steagall*, 8th Dist. Cuyahoga No. 83991, 2004-Ohio-5035, ¶ 25.

{¶ 11} In this case, during the sentencing hearing, Jones's trial counsel indicated that both he and Jones observed jurors sleeping during a portion of the trial and moved for a new trial on those grounds. However, even if the allegation is true, neither Jones, nor his counsel ever raised an objection or even mentioned the sleeping jurors during trial. "An objection to a sleeping juror must be made at trial because the trial court has significant discretion in how it

resolves an incident with a sleeping juror." *Id.* at 9, citing *Sanders* at 253. "One cannot sit on his rights, hope for a favorable jury verdict and after receiving an unfavorable verdict, finally assert an issue which was easily remedied at the time of its inception." *State v. Brletich*, 7th Dist. Columbiana No. 98 CO 84, 2000 WL 875325, *3 (June 28, 2000), citing *State v. Sapp*, 10th Dist. Franklin No. 94APA10-1524, 1995 WL 491390,*7-8 (Aug. 15, 1994). (Other citation omitted.) Therefore, Jones, through his counsel, had a duty to notify the court of any sleeping jurors at the time they were discovered sleeping, not after the entire trial had been completed. *See, e.g., Sapp* at *8 (finding that a defendant had a duty to notify the court of sleeping jurors during the course of trial and not at the defendant's sentencing hearing).

{¶ 12} Nevertheless, even assuming that trial counsel's failure to object to the alleged sleeping jurors qualifies as deficient performance, Jones's ineffective-assistance claim still fails because there is nothing in the record indicating that the jurors missed a large or critical portion of the trial. While Jones claims that jurors were sleeping during the video evidence, which was 81 minutes long, Jones does not indicate when or how long the jurors were allegedly sleeping. In addition, after viewing the entire video, we find that a majority of the video was uneventful and not critical to the determination of this case. Rather, only the first six minutes were critical, as that portion of the video depicts Officer Johnson following, pulling over, and chasing Jones's vehicle. The first six minutes also show Jones exiting his car and fleeing into the woods. Because the record presented to us on appeal does not indicate when or how long the jurors were allegedly sleeping, we cannot determine what, if anything, they may have missed during trial. Accordingly, Jones has failed to establish any resulting prejudice.

{¶ 13} Because Jones failed to establish any resulting prejudice as required by

*Strickland*, his First Assignment of Error is overruled.

**Assignment of Error No. 2**

{¶ 14}   Jones's Second Assignment of Error is as follows:

THE TRIAL COURT COMMITTED ABUSE OF DISCRETION WHEN IT IMPOSED A FIVE (5) YEAR SENTENCE AND DID NOT CONSIDER THE DEFENDANT FOR COMMUNITY CONTROL.

{¶ 15}   Under this assignment of error, Jones contends that the trial court abused its discretion in sentencing him to a five-year prison term.   Specifically, Jones claims that the trial court erred in failing to consider the sentencing factors in R.C. 2929.12(E), which relate to whether Jones has a likelihood of committing future crimes.   He also claims that the trial court did not state what factors it considered upon deciding to impose a maximum sentence and did not employ the statutory language in R.C. 2929.11 regarding the purposes of felony sentencing.

{¶ 16}   As a preliminary matter, we note that the trial court did not sentence Jones to a five-year prison term.   Rather, the Judgment Entry of Conviction and the sentencing hearing transcript establish that the trial court sentenced Jones to a three-year prison term.

{¶ 17}   In *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, and 25576, 2013-Ohio-5759, this court adopted R.C. 2953.08(G)(2) as the appellate standard of review for felony sentences.   *Id*. at ¶ 29.   R.C. 2953.08(G)(2) states, in pertinent part, that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.   The appellate court's standard for review

is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)     That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division(I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b)     That the sentence is otherwise contrary to law.   (Emphasis added.)

**{¶ 18}**   We also observed in *Rodeffer* that:

"[T]he clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative.  It does not say that the trial judge must have clear and convincing evidence to support its findings.  Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings."   * * * "In other words, the restriction is on the appellate court, not the trial judge.  This is an extremely deferential standard of review."  *Id.* at ¶ 31, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

**{¶ 19}**   In this case, when sentencing Jones, the trial court was not required to make any findings under R.C. 2929.13(B) or (D); R.C. 2929.14(B)(2)(e) or (C)(4); or R.C. 2929.20(I). These statutory provisions simply do not apply to the present case.

**{¶ 20}**   In addition, we do not find that Jones's prison sentence is contrary to law.   " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider."   (Citation omitted.)  *State v. Lofton*, 2d Dist. Montgomery

No. 19852, 2004-Ohio-169, ¶ 11. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. "The court is not required to make specific findings or to use the exact wording of the statute[s]." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012-Ohio-4756, ¶ 8.

{¶ 21} A sentence is also not contrary to law if, during the sentencing hearing, a trial court fails to cite the purposes and principles of sentencing in R.C. 2929.11 or the sentencing factors of 2929.12, but does state in the final judgment entry that it had " 'considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and balanced the seriousness and recidivism factors [under] Ohio Revised Code Section 2929.12.' " *State v. Parker*, 193 Ohio App.3d 506, 2011-Ohio-1418, 952 N.E.2d 1159, ¶ 20 (2d Dist.), quoting *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43.

{¶ 22} Here, Jones's three-year prison sentence falls within the statutory range for failure to comply with the order or signal of a police officer, which is a felony of the third degree. *See* R.C. 2929.14(A)(3)(b). As a further matter, the trial court expressly stated in its Judgment Entry of Conviction that:

> The Court considered the record, oral statements of counsel, the defendant's statement, the defendant's prior criminal record, the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the

seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

Judgment Entry of Conviction/Warrant for Removal (July 24, 2013), Clark

County Court of Common Pleas Case No. 2013-CR-223, Docket No. 21, p. 1.

Therefore, the record indicates that the trial court considered R.C. 2929.11 and R.C. 2929.12 when sentencing Jones. For the foregoing reasons we do not clearly and convincingly find that Jones's prison sentence is contrary to law.

{¶ 23} Given that Jones has framed his argument under the former abuse of discretion standard, we note that even under that standard, we find no error. "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." (Citations omitted.) *State v. Bray*, 2d Dist. Clark No. 2010 CA 14, 2011-Ohio-4660, ¶ 28. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. An abuse of discretion includes a situation in which a trial court did not engage in a " 'sound reasoning process.' " *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Based on the facts in the record, and the trial court's consideration of the purposes and principles of sentencing in R.C. 2929.11 and the sentencing factors in 2929.12, we do not find that the trial court abused its discretion in sentencing Jones to three years in prison.

{¶ 24} Jones's Second Assignment of Error is overruled.

**Conclusion**

**{¶ 25}** Having overruled both assignments of error presented by Jones, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur, subject only to the discussion in regards to the concurring opinion in *Rodeffer,* 2013-Ohio-5759.

Copies mailed to:

Lisa M. Fannin
Charles W. Slicer, III
Hon. Douglas M. Rastatter