[Cite as *State v. Rowe*, 2014-Ohio-4100.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee              :            C.A. CASE NO.    2014 CA 1

v.                                     :            T.C. NO.    12CR243

CORY M. ROWE                           :            (Criminal appeal from
                                      Common Pleas Court)

    Defendant-Appellant             :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     19th     day of     September    , 2014.

. . . . . . . . . .

DEBORAH S. QUIGLEY, Atty. Reg. No. 0055455, 504 S. Broadway Street, Greenville, Ohio 45331
       Attorney for Plaintiff-Appellee

JOSHUA M. KIN, Atty. Reg. No. 0086965, 2700 Kettering Tower, Dayton, Ohio 45423
       Attorney for Defendant-Appellant

CORY M. ROWE, c/o Butler County Jail, 705 Hanover Street, Hamilton, Ohio 45011
       Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of counsel for Cory M. Rowe, filed January 9, 2014, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On May 6, 2014, this court advised Rowe that counsel of record filed an *Anders* brief in this matter, in which he asserted an inability to find any meritorious claim to present for review. This court granted Rowe 60 days to file a pro se brief asserting any errors for review by this court, and we note that Rowe failed to do so. We further note that the State did not file a responsive brief herein.

{¶ 2} On November 25, 2013, pursuant to a plea agreement, Rowe pled guilty to one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), also a felony of the first degree, along with a firearm specification. Three other counts and all other specifications were dismissed. The State recommended an aggregate sentence of 15 years, and the parties jointly recommended that Rowe's sentence be served concurrently with a federal sentence in an unrelated matter. On December 20, 2013, Rowe was sentenced to a term of 10 years each for aggravated burglary and aggravated robbery, to be served concurrently with each other and concurrently with the seven year sentence imposed in federal district court. The court also imposed a mandatory three year term for the firearm specification, to be served consecutively to the 10 year sentence, for an aggregate term of 13 years.

{¶ 3} In his brief, counsel for Rowe asserts that after "a thorough review of the record Counsel can find no error by the trial court prejudicial to the rights of appellant which may be argued to this court on appeal." Counsel for Rowe "requests this court to independently review the transcript of proceedings and case file to determine whether any

possible error exists."   Counsel for Rowe sets forth the following potential assignments of error:

1.  Whether the trial court's colloquy complied with Ohio Crim.R. 11 requirements by ensuring that the Appellant's pleas were made knowingly and voluntarily.

2.  Whether the trial court's felony sentence was clearly and convincingly contrary to law.

**{¶ 4}**   This Court previously noted, in *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7-8:

We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. * * *

*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit.   An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal.   An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. * * *

**{¶ 5}**   Crim.R. 11(C)(2) governs pleas and provides:

(2) In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at trial at which the defendant cannot be compelled to testify against himself * * * .

{¶ 6} Counsel for Rowe asserts, and after an independent review of the transcript before us, we agree, that Rowe was afforded a thorough and detailed Crim. 11 colloquy. Rowe indicated his understanding of the nature of the charges against him, the maximum penalties the court could impose, and that a three year term on the firearm specification is mandatory if Rowe were found guilty of aggravated robbery. Rowe stated that he understood the court's advisement regarding post release supervision, and that he understood the rights he waived by entering his guilty plea. Rowe stated that his health was good, that

he was not taking any medications, and that he did not have any emotional, or psychiatric problems, or problems with concentration. Rowe stated that he completed the eleventh grade and later obtained his GED. Rowe stated that he read the plea form, went over it with his lawyer, and that he understood it. He stated that he was satisfied with his counsel's representation. Rowe further stated that he was not compelled or induced to enter his plea. Before the court proceeded to judgment at the conclusion of the colloquy, the following exchange occurred:

> THE COURT: I'll conclude that you're knowingly, intelligently, voluntarily waiving all your trial rights, that you're entering a plea in a knowing, intelligent and voluntary manner. Do you agree with those conclusions?
>
> THE DEFENDANT: Yes.

{¶ 7} We conclude that the trial court complied with Crim.R. 11, and that counsel for Rowe's first potential assigned error lacks arguable merit and is wholly frivolous. Accordingly, counsel's first potential assigned error is overruled.

{¶ 8} Regarding Rowe's sentence, R.C. 2953.08(G) provides in relevant part:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its

discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either or the following:

* * *

(b) That the sentence is otherwise contrary to law.

**{¶ 9}** As this Court has noted:

* * * " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004–Ohio–169, ¶ 11. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." [*State v.*] *Rodeffer*, 2013–Ohio–5759, [5 N.E.3d 1069 (2d Dist.)], at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 18. "The court is not required to make specific findings or to use the exact wording of the statute[s]." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012–Ohio–4756, ¶ 8.

*State v. Jones,* 2d Dist. Clark No. 2013-CA-63, 2014-Ohio-1540, ¶ 20.

**{¶ 10}** As counsel for Rowe asserts, a thorough review of the record reflects that the "trial court considered the statutory sentencing guidelines and sentenced Mr. Rowe within the sentencing range prescribed by the legislature." At sentencing, the prosecutor advised the court that Rowe cooperated with the State and agreed to testify against his

co-defendant. Counsel for Rowe then advised the court that "[r]ight now Cory's 27. When this happened, he was 23. He's been incarcerated since he was 25. As of December 24th, he'll have been in prison already for two years between prison and jail." Counsel for Rowe stated "this all goes back to a problem that Cory's constantly struggled with which is drug addiction." He stated that Rowe has "been sober due to his incarceration," and that he is no longer affiliated with prison gangs. Rowe apologized "to the family for everything that's happened," and he stated, "I just had a bad drug problem. It's no excuse. I take full responsibility for my actions. * * * ."

{¶ 11}   Rowe's judgment entry of conviction reflects that the court "considered the record, oral statements, any victim impact statement, the principles and purposes of sentencing required by R.C. 2929.11, and the seriousness and recidivism factors of R.C. 2929.12." Rowe's judgment entry of conviction further provides as follows:

The Court further finds that community control sanctions would demean the seriousness of the offender's conduct and its impact on the victim; that a sentence of imprisonment is commensurate with the seriousness of the offender's conduct and its impact on the victim; and that a prison sentence does not place an unnecessary burden on the state governmental resources. The offenses are more serious; the risk of recidivism is likely. Prison accomplishes the principles and purposes of sentencing. The offenses are not allied offenses given the nature of the conduct and the legal analysis of elements. The Court considers that the Defendant has been incarcerated on other charges for two years.

The court concluded that Rowe was "entitled to no (0) days of credit for jail time served (prior to December 20, 2013) since his current incarceration was on state and federal charges from different jurisdictions."

{¶ 12}   It is clear from the record that the court considered the issues and factors   as required by statute, namely R.C. 2929.11 and R.C. 2929.12 , and Rowe's sentence is within the statutory range.   R.C. 2929.14(A)(1).   Since Rowe's sentence is not clearly and convincingly contrary to law, his second assigned error is wholly frivolous, and it is overruled.

{¶ 13}   Having conducted the thorough and independent review of the entire record as required by *Anders*, we conclude that there is no meritorious issue for appellate review, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Deborah S. Quigley
Joshua M. Kin
Cory M. Rowe
Hon. Jonathan P. Hein