[Cite as *State v. Sparks-Arnold*, 2014-Ohio-4711.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

IAN SPARKS-ARNOLD

      Defendant-Appellant


Appellate Case No.    2014-CA-9

Trial Court Case No.   2013-CR-389


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 24th day of October, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecutor, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 130 West Second Street, Suite 800, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}  Defendant-appellant, Ian Sparks-Arnold, appeals from the sentence he received in the Clark County Court of Common Pleas following his guilty plea to one count of burglary. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2}  On June 3, 2013, Sparks-Arnold was indicted for one count of criminal trespass in violation of R.C. 2911.21(A)(1), a misdemeanor of the first degree, and one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree, with a firearm specification.  The charges arose from allegations that Sparks-Arnold trespassed into an occupied residence with a firearm and threatened to harm an individual therein.

{¶ 3}  Following plea negotiations, Sparks-Arnold agreed to plead guilty to burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree, with the remaining trespassing charge and firearm specification being dismissed.  Thereafter, the trial court ordered a presentence investigation report, which indicated Sparks-Arnold had been convicted of obstructing official business in 2012 and stalking in 2013.  The trial court then sentenced Sparks-Arnold to 30 months in prison with credit for jail time served.

{¶ 4}  Sparks-Arnold now appeals from the trial court's sentence, raising three assignments of error for review.  For purposes of convenience, we will address Sparks-Arnold's assignments of error together.  They are as follows:

I.    THE  TRIAL  COURT'S  SENTENCE  WAS  CONTRARY  TO  LAW

        AND AN ABUSE OF DISCRETION.

II.      THE TRIAL COURT'S IMPOSED SENTENCE WAS EXCESSIVE, UNREASONABLE, DISPROPORTIONATE, AND A FINANCIAL BURDEN ON THE STATE OF OHIO.

III.     THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A FIRST PRISON SENTENCE OF 83% OF THE MAXIMUM WHEN THERE WAS NO PRIOR FELONY RECORD AND THE COURT USED IMPROPER FACTORS IN FASHIONING ITS SENTENCE.

{¶ 5}    Under his three assignments of error, Sparks-Arnold contends the trial court erred and abused its discretion in sentencing him to 30 months in prison. We disagree.

{¶ 6}    This court applies R.C. 2953.08(G)(2) as the appellate standard of review for felony sentences. *See State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). The statute states, in pertinent part, that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a)    That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code,

whichever, if any, is relevant;

(b)     That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 7}   The findings under the statutory provisions listed in division (a) of R.C. 2953.08(G)(2) are irrelevant to this case; therefore, the threshold issue is whether Sparks-Arnold's sentence is clearly and convincingly contrary to law.   We find that it is not.

{¶ 8}   "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759 at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.   The trial court need not make any specific findings in order to demonstrate its consideration of those factors, nor does it have to use the exact wording of the statute.   *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012-Ohio-4756, ¶ 8, citing *State v. Watkins*, 186 Ohio App.3d 619, 2010-Ohio-740, 929 N.E.2d 1072, ¶ 39 (2d Dist.).

{¶ 9}   A sentence is also not contrary to law if, during the sentencing hearing, a trial court fails to cite the purposes and principles of sentencing in R.C. 2929.11 or the sentencing factors of R.C. 2929.12, but does state in the final judgment entry that it had " 'considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and balanced the seriousness and recidivism factors [under] Ohio Revised Code Section 2929.12.' " *State v. Parker*, 193 Ohio App.3d 506, 2011-Ohio-1418, 952 N.E.2d 1159, ¶ 20 (2d Dist.), quoting *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43.   *Accord State v.*

*Jones*, 2d Dist. Clark No. 2013-CA-63, 2014-Ohio-1540, ¶ 21.

{¶ 10} In this case, Sparks-Arnold's 30-month prison sentence falls within the statutory range for burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. *See* R.C. 2929.14(A)(3)(b). As a further matter, the trial court expressly stated in its Judgment Entry of Conviction that:

> The Court considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

Judgment Entry of Conviction/Warrant for Removal (Dec. 16, 2013), Clark County Court of Common Pleas Case No. 2013-CR-389, Docket No. 21, p. 1.

{¶ 11} As can be seen, the record firmly establishes that the trial court considered R.C. 2929.11 and R.C. 2929.12 when sentencing Sparks-Arnold to 30 months in prison. Nevertheless, Sparks-Arnold claims the trial court erred by basing its decision solely on the disputed issue of whether he was carrying a gun during the burglary. However, such a claim is unsupported by the record.

{¶ 12} The record indicates that Sparks-Arnold had a brief colloquy with the trial court, during which he denied having a gun. The trial court then merely reminded him that four witnesses are alleged to have seen him enter the victim's house with a gun. Nothing about that exchange indicates this was the trial court's sole consideration at sentencing. Rather, it is clear from the record that the trial court reviewed the presentence investigation report and considered the record, oral statements of counsel, the defendant's statement, and the purposes and principles

of sentencing. Accordingly, Sparks-Arnold's sentence is not clearly and convincingly contrary to law.

{¶ 13} Furthermore, given that Sparks-Arnold has framed his argument under the former abuse of discretion standard, we note that even under that standard, we find no error. "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." (Citations omitted.) *State v. Bray*, 2d Dist. Clark No. 2010 CA 14, 2011-Ohio-4660, ¶ 28. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. An abuse of discretion includes a situation in which a trial court did not engage in a " 'sound reasoning process.' " *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 14} Based on the facts in the record, and the trial court's consideration of the purposes and principles of sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12, we do not find that the trial court abused its discretion in sentencing Sparks-Arnold to a 30-month prison term. Therefore, Sparks-Arnold's First, Second, and Third Assignments of Error are overruled.

{¶ 15} Having overruled all of Sparks-Arnold's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, J., concurs in judgment only.

Copies mailed to:

Ryan A. Saunders
Carlo C. McGinnis
Hon. Douglas M. Rastatter