**[Cite as *State v. Rowe*, 2020-Ohio-5411.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-243 |
| | : | |
| CORY M. ROWE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of November, 2020.

. . . . . . . . . . .

R. KELLY ORMSBY, Atty. Reg. No. 0020615, Darke County Prosecutor's Office, 504 South Broadway, Courthouse, Greenville, Ohio 45331
      Attorney for Plaintiff-Appellee

JOHN C. CUNNINGHAM, Atty. Reg. No. 0082475, 1500 Park Place, Dayton, Ohio 45458
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Defendant-appellant, Cory M. Rowe, appeals from a judgment of the Darke County Court of Common Pleas, which denied a "Motion to Correct Illegal Sentence" that he filed in the trial court on July 11, 2019. Rowe's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. By entry filed July 22, 2020, we notified Rowe that his counsel found no meritorious claims to present on appeal and granted him 60 days to file a pro se brief assigning any errors for review. He has not filed a brief.

{¶ 2} We outlined the underlying proceedings in Rowe's direct appeal, in which we affirmed the trial court's judgment:

On November 25, 2013, pursuant to a plea agreement, Rowe pled guilty to one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), also a felony of the first degree, along with a firearm specification. Three other counts and all other specifications were dismissed. The State recommended an aggregate sentence of 15 years, and the parties jointly recommended that Rowe's sentence be served concurrently with a federal sentence in an unrelated matter. On December 20, 2013, Rowe was sentenced to a term of 10 years each for aggravated burglary and aggravated robbery, to be served concurrently with each other and concurrently with the seven year sentence imposed in federal district court. The court also imposed a mandatory three

year term for the firearm specification, to be served consecutively to the 10 year sentence, for an aggregate term of 13 years.

*State v. Rowe*, 2d Dist. Darke No. 2014-CA-1, 2014-Ohio-4100, ¶ 2.

**{¶ 3}** On May 24, 2019, Rowe filed a "Motion for Clarification of Sentencing Order" wherein he requested an explanation of how his sentences were to be served in conjunction with his federal imprisonment, which he was then serving in Tucson, Arizona. Also on May 24, 2019, the trial court issued a decision on Rowe's motion, reiterating that his aggregate 13-year Ohio sentence was concurrent with his federal sentence, that upon completion of the shorter federal sentence Rowe would be given credit for the federal time concurrently served, and he would then serve in Ohio the 3-year mandatory firearm specification followed by the remainder of his 10-year sentence after deducting the federal service credit. Notably, Rowe did not appeal this decision, although he undoubtedly received it, because he referred to that decision in his next filing.

**{¶ 4}** On July 11, 2019, Rowe filed his "Motion to Correct Illegal Sentence." He argued that his sentence was illegal because a firearm specification was statutorily required to be served first, before the underlying 10-year stated prison term. The trial court dismissed this new motion and determined that it was moot, because the court had already ruled on the May 24, 2019 motion. Rowe filed a notice of appeal, late, but eventually we accepted his filing as a delayed appeal under App.R. 5(A).

**{¶ 5}** We have also reviewed the Ohio Department of Rehabilitation and Correction website, of which we routinely take judicial notice. Rowe has apparently completed his federal sentence, and he entered the Ohio prison system on the convictions at hand on May 26, 2020. The website indicates that he is serving a 3-year firearm specification plus

a 10-year stated prison term. The expiration of his stated term is listed as "12/17/2026" which is thirteen years from his December 20, 2013 sentencing, minus three days which can be attributed to his transportation to and from Darke County while he was in federal custody. He is therefore serving the sentence as ordered by the trial court.

{¶ 6} We have conducted an independent review of the record as required by *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. First, we observe that Rowe did not appeal the trial court's clarification decision of May 24, 2019. That decision was final and res judicata prevents Rowe from appealing it by effectively re-filing a new motion on the same issue. But more importantly, the trial court was correct in both decisions. Finally, Rowe is now serving exactly the sentence imposed and he was given credit for the prison time he served after his sentence while in federal custody. There is no possibility we would find reversible error. Any argument to the contrary is without merit and is wholly frivolous.

{¶ 7} Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

R. Kelly Ormsby
John C. Cunningham
Cory M. Rowe
Hon. Jonathan P. Hein